BROWN, Justice.
Ronald Michael Cunningham appeals from the dismissal by the Mobile County Probate Court of his notice of claim filed against the estate of his mother, Lucy B. Cunningham. We reverse and remand.

Facts

Lucy B. Cunningham died on August 28, 2001. Lucy’s will named Helen C. Lavoie, Lucy’s daughter, as her personal representative. The will also called for Lucy’s house to be sold immediately and thfe proceeds distributed equally among Lucy’s five children, including Ronald and Helen. However, the will also gave Ronald, who was living with Lucy in her house before she died, the option to “continue to reside in [the house] and make the payments due on the mortgage for the house and utilities (not to be reimbursed) for a period not to exceed nine months or until the house is sold.”
On September 25, 2001, Helen filed a petition in the Mobile County Probate Court to probate the will. Letters testamentary were issued to Helen on November 6, 2001. The record indicates that Ronald exercised his option under the will to remain in Lucy’s house.
On February 19, 2002, Helen filed a motion in the probate court seeking possession of the house, alleging that Ronald had failed to make any mortgage payments on the house since Lucy’s death. The trial court found that Ronald had failed to make the mortgage payments and had failed to cooperate with Helen in her attempt to sell the house. The trial court granted Helen’s motion and ordered Ronald to deliver possession of the premises to Helen.
On May 3, 2.002, Ronald’s attorney, on Ronald’s behalf, filed a notice of claim against Lucy’s estate in the “judicial division” of the Mobile County Probate Court.[1] No filing fee was paid at that time. The notice of claim alleged that Lucy’s estate owed Ronald $45,500 for services.he performed in caring for Lucy before her death. Helen received a copy of the notice of claim in the mail “a few days” after it was filed.
*1070 On May 28, 2002, Helen filed a motion to dismiss the notice of claim. In her motion, Helen argued that the claim was not filed in accordance with Ala.Code 1975, §§ 43-2-350 and 43-2-352, because, she argued, the claim, which was filed in the “judicial division” rather than the “recording division,” was not filed “in the office of the judge of probate” as required by those Code sections. Additionally, Helen claimed that under § 43-2-350(b) the limitations period in which to file a claim against the estate expired on May 6, 2002. In response, Ronald’s attorney refiled the notice of claim in the “recording division” of the probate court on June 4, 2002. Ronald paid a filing fee with this second filing.
The probate court conducted a hearing on Helen’s motion to dismiss the notice of claim, and on July 15, 2002, the court issued an order dismissing Ronald’s claim against the estate. The order stated, in part:
“3. Ronald’s legal counsel filed Ronald’s Notice of Claim on May 3, 2002 in the Judicial Division of the Court. Said Notice of Claim bears the Court’s filing stamp confirming the filing in the Court’s Judicial Division. A copy of the Notice of Claim was mailed to the Personal Representative’s legal counsel, which said legal counsel received on May 5 or May 6, 2002.
“4. The Notice of Claim was filed by Ronald’s legal counsel in the Recording Division of the Court on June 4, 2002. At the time of the second filing, Ronald’s legal counsel paid the sum of $4.50 to file the Notice of Claim.
“6. Ronald argues that Alabama law does not specify which division of the Court claims must be filed in and filing in the incorrect division is not fatal as to the viability of the claim.
“7. Ala.Code [1975, § ] 43-2-350(b)[,] provides in pertinent part as follows:
“ ‘All claims against the estate of a decedent ... whether due or to become due, must be presented within six months after the grant of letters, ... and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited. Presentment must be made by filing a verified claim or verified statement thereof in the office of the judge of probate of the county in which the letters are granted.’
“8. Ala.Code [1975, § ]43-2-352[,] provides in pertinent part as follows:
“ ‘The presentation must be made by filing a verified claim, or a verified statement thereof, in the office of the judge of probate in which letters are granted, and the same must be docketed with a note of the date of such presentation; and, if required, a statement must be given by such judge, showing the date of presentation.... All claims not presented within six months from the granting of letters testamentary or letters of administration shall be forever barred, and the payment or allowance thereof is prohibited.’
“9. The general practice and procedure in Mobile County for many years has been that estate claims are filed in the Court’s Recording Division. Further, a fee is required to be paid at the time of filing. Ala. Code [1975, § ]12— 19 — 90(b)(20) and (21). See also, [Act No. 98-646, Ala. Acts 1998]. If the filing fee is not paid, the claim is not considered filed. The Court’s Judicial Division intake desk is not set up to accept money. If the filing fee had been tendered by Ronald’s legal counsel with the Notice of Claim at the time it was presented to the Judicial Division, it *1071 would have been referred to the Court’s Recording Division for processing.
“10. Once an estate claim is properly filed, it appears of record in the Court’s public records.
“11. As noted above, the filing fee for Ronald’s claim was not paid until June 4, 2002, when the claim was filed in the Recording Division of the Court. The Court is of the opinion, and therefore concludes, that the key point in determining the filing date is ascertaining the moment all of the requirements had been met for the filing of Ronald’s claim.
“12. As noted above, a filing fee is required at the time an estate claim is filed of record. No fee was paid at the time the Notice of Claim was submitted to the Judicial Division of the Court. The Court is of the opinion, and therefore concludes, that inasmuch as the filing fee was not paid in the instant cause until June 4, 2002, June 4, 2002 was the date Ronald’s claim is considered filed.
“13. Inasmuch as June 4, 2002, is outside the six-month period for filing claims in the estate proceeding, the Court is of the opinion, and therefore concludes that Ronald’s claim was not timely filed.
“14. The Court is of the opinion, and therefore concludes, that the Personal Representative’s Motion To Dismiss Notice of Claim is proper and due to be granted.”
Ronald appeals.

Discussion

Ronald claims that he substantially complied with Ala.Code 1975, §§ 43-2-350 and 43-2-352, because, he argues, he filed the notice of claim in the “office of the judge of probate” from which the letters testamentary were granted. Those Code sections, Ronald argues, do not specify that the claim must be filed in a specific division of the probate court. Thus, Ronald concludes, his claim against the estate was properly filed on May 3,- 2002. We agree.
Sections 43-2-350(b) and 43-2-352, Ala.Code 1975, require that claims against an estate must be must be filed “in the office of the judge of probate.” Those Code sections do not specify that such claims be filed in a particular division of the office of the judge of probate. The probate court’s order clearly demonstrates that Ronald’s attorney filed the notice of claim in the judicial division of the probate court on May 3, 2002. Helen was granted letters testamentary on November 6, 2001. May 3, 2002, is within six months of the date on which Helen was granted letters testamentary. Therefore, Ronald’s notice of claim was timely filed in the probate court.
Helen claims that the probate court correctly dismissed Ronald’s notice of claim because the required filing fee was not paid until June 4, 2002, when Ronald’s attorney refiled the notice of claim in the recording division of the probate court. Regarding this argument, the probate court stated in its final order:
“If the filing fee is not paid, the claim is not considered filed....
“11. As noted above, the filing fee for Ronald’s claim was not paid until June 4, 2002, when the claim was filed in the Recording Division of the Court. The Court is of the opinion, and therefore concludes, that the key point in determining the filing date is ascertaining the moment all of the requirements had been met for the filing of Ronald’s claim.”
In De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), the plaintiffs filed an action in the Jefferson Circuit *1072 Court, but they did not pay the required filing fee until after the statutory limitations period had expired. 470 So.2d at 1219. This Court noted that Ala.Code 1975, § 12-19-70(a), provides:
“ ‘(a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.
“ ‘(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.’ ”
470 So.2d at 1220 (emphasis added in DeGas). This Court further stated:
“The use of the term ‘shall’ in this provision makes the payment of the filing fee mandatory. See Prince v. Hunter, 388 So.2d 546, 547 (Ala.1980). It was the obvious intent of the legislature to require that either the payment of this fee or a court-approved verified statement of substantial hardship accompany the complaint at the time of filing.”

Id.

Alabama Code 1975, § 12-19-90, specifies the fees to be paid for services provided by probate courts. That Code section provides:
“(a) The following fees for service provided by the probate offices shall be charged and paid into the county treasury or to the judge of probate as may be authorized or required by law:
“(b) Fees for services other than those specified in subsection (a) shall be:
“(20) Each certificate without seal ... 3.00.
“(21) Filing and docketing each claim ... 3.00.
See also Act No. 98-646, Ala. Acts 1998 (providing for an additional filing fee for documents filed with the judge of probate for Mobile County). While § 12-19-90 states that a fee “shall” be paid, it does not, like § 12-19-70, require that the fee be collected from the claimant at the time the claim is filed. Additionally, neither § 43-2-350(b) nor § 43-2-352 requires that a fee be paid in order to file a claim. Helen does not dispute that she received a copy of the notice of claim filed on May 3, 2002. We cannot agree with the probate court’s conclusion that a claim is not considered filed for purposes of the limitations period until the filing fee is paid. Therefore, we reverse its judgment and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, LYONS, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.

. According to the record, the Mobile County Probate Court maintains two "divisions” — the "judicial division” and the "recording division.” The specific nature of each division is not explained in the briefs or in the record.