PER CURIAM.
James Odom (“the former husband”) and Renee Odom (“the former wife”) were divorced by a judgment of the DeKalb Circuit Court in 1996; the record indicates that, the former husband was directed to pay $200 per month in support for the parties’ children. The trial court determined in a contempt proceeding brought by the former wife in 1998 that the former husband’s support payments were in arrears, and it rendered an order for $8,453 plus interest in the former wife’s favor; the case-action-summary sheet from that proceeding indicates that that proceeding ultimately terminated upon the rendering of a “bench verdict.” No postjudgment motions were filed, and no appeal was taken.
On July 20, 2010, the former husband filed what he styled as a “motion for modification” in which he sought a modification *122 of the support provisions of the divorce judgment. In his “motion,” the former husband averred, in pertinent part, that a material change in circumstances had been “visited upon” him in the form of his incarceration by the Alabama Department of Corrections, in whose custody “he is now residing in service of consecutive 20-year sentences.” He further averred that he had no income or other means by which to comply with the support requirements of the divorce judgment. Based upon those averments, the former husband requested that his support obligation be suspended and that the trial court “forgive” all interest on any existing arrearages. The record does not reflect that the former husband paid a docket fee or that he filed a verified statement of substantial hardship seeking waiver of prepayment of any applicable docket fee. Nonetheless, the trial court purported to rule on the former husband’s “motion” by affixing the word “Denied” on the face of that filing on July 28, 2010, and that ruling was entered on August 2, 2010.
The former husband filed a notice of appeal from the decision of the trial court, asserting that the trial court had erred in “summarily dismissing” his “motion.” However, because we conclude that the trial court was without jurisdiction to act on the former husband’s “motion,” we must dismiss this appeal ex mero motu as having been taken from a void judgment or order. See Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008).
In Vann, a domestic-relations proceeding concluded in April 2005 with the entry of a final judgment of divorce based upon the father’s failure to answer or defend; however, several months later, the parties to that proceeding submitted various papers to the trial court in which both parties sought enforcement of certain provisions of that judgment and injunctive relief and in which the father sought modification of the judgment. Although neither party filed a docketing fee or a statement of substantial hardship, those filings ultimately culminated in the trial court’s purporting to alter the custody of the parties’ minor child. 989 So.2d at 557-58. One of the parties, after having appealed from that ruling, suggested to this court the absence of the trial court’s jurisdiction to act. In dismissing that appeal with instructions, we set forth the following reasoning that is similarly applicable in this case:
“Section 12-19-70, Ala.Code 1975, provides that ‘a consolidated civil filing fee, known as a docket fee, [shall be] collected ... at the time a complaint is filed in circuit court or in district court,’ although that payment ‘may be waived initially and taxed as costs at the conclusion of the case’ if ‘[a] verified statement of substantial hardship’ is filed and is approved by the trial court. In turn, § 12 — 19—71(a)(7), Ala.Code 1975, specifies that a filing fee of $248 is to be collected ‘for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order ’ (emphasis added [in Vann ]). The payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action. See De-Gas, Inc. v. Midland Res., 470 So.2d 1218, 1222 (Ala.1985); see also Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (‘The failure to pay the filing or docketing fee is a jurisdictional defect.’).
“In this case, the record does not reflect that the mother paid any docketing fee with respect to her August 2005 motion to enforce the divorce judgment or her September 2005 petition for protection from abuse. Likewise, the rec *123 ord does not reflect that the father paid any filing fee with respect, to his September 2005 motion to enforce the divorce judgment or his December 2005 petition for custody. Each of those filings may be characterized as ‘cases ... in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order’ under § 12-19-71(a)(7), yet on none of those occasions was the appropriate docketing fee paid.
“The trial court, in exercising jurisdiction over the parties’ claims asserted after the entry of its default judgment in April 2005, acted outside its jurisdiction because the parties did not pay the docketing fees required under Ala.Code 1975, § 12-19-70 et seq., for that court to acquire subject-matter jurisdiction. A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment. Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274 (Ala.2000). The mother’s appeal is, therefore, dismissed, and the trial court is instructed to vacate all orders entered after the April 2005 default judgment. See, e.g., State Dep’t of Revenue v. Zegarelli, 676 So.2d 354, 356 (Ala.Civ.App.1996). Any further pleadings filed in the trial court in which either party may seek to enforce or modify that court’s April 2005 default judgment should be accompanied by the requisite filing fee.”
989 So.2d at 558-60.
Similarly, the trial court in this case acted outside its discretion in exercising jurisdiction to rule upon the “motion” filed by the former husband, which plainly seeks to modify the support provisions of an existing domestic-relations court order within the meaning of Ala.Code 1975, § 12-19-71(a)(7). Unless and until the former husband complies with Ala.Code 1975, § 12-12-70, by either paying the applicable docket fee or filing a verified statement of substantial hardship that is approved by the trial court, that court will be without subject-matter jurisdiction to consider questions such as whether the incarceration of the former husband amounts to a material change in circumstances warranting a modification of child support or whether the former husband should be deemed voluntarily unemployed under Rule 32(B)(5), Ala. R. Jud. Admin. See generally Suggs v. Suggs, 54 So.3d 921, 924 (Ala.Civ.App.2010).
The appeal is dismissed with instructions to the trial court to vacate its ruling entered on August 2, 2010.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.