MOORE, Judge.
Bona Faye Hicks (“Bona Faye”) appeals from a December 15, 2011, judgment of the DeKalb Circuit Court (“the trial court”) denying her motion for contempt, sanctions, and specific performance stemming from a previous judgment entered by the trial court deciding a boundary-line dispute between Bona Faye and Donald Ray Hicks (“Donald”). We dismiss the appeal.
On January 9, 2009, Dennis Hicks (“Dennis”) and Bona Faye filed a complaint against Donald in the trial court regarding a boundary-line dispute. Following a trial, the trial court entered a judgment on September 18, 2009, ordering Donald to relocate a fence, which had been erected by Donald, to the location of a previous fence that Donald had removed.
On August 12, 2010, Dennis and Bona Faye filed a motion for contempt, sanctions, and specific performance. In that motion, they asserted that Donald had failed to comply with the trial court’s September 18, 2009, judgment because he had moved the fence only partially rather than according to the trial court’s directions. On September 29, 2011, Donald filed a suggestion of death, indicating that Dennis had died. On October 3, 2011, Donald filed a motion to dismiss, asserting that Dennis had died and that Dennis’s estate, which, Donald argued, was an indispensable party to the action, had not been opened. Donald requested the trial court to dismiss the action for the failure of Bona Faye to add Dennis’s estate as an indispensable party. On October 5, 2011, however, the trial court entered an order denying Donald’s motion to dismiss and noting that Bona Faye was prosecuting the motion for contempt, sanctions, and specific performance on her own behalf. The trial court also concluded that Donald had substantially complied with the trial court’s September 18, 2009, judgment and denied Bona Faye’s motion for contempt, sanctions, and specific performance.
Bona Faye filed a motion to alter, amend, or vacate on November 1, 2011, asserting, among other things, that the trial court lacked subject-matter jurisdiction to enter its October 5, 2011, judgment because no filing fee had been paid upon the filing of the motion for contempt, sanctions, and specific performance. On November 30, 2011, Donald filed a motion to dismiss Bona Faye’s postjudgment motion; he also sought an attorney fee.
On December 15, 2011, the trial court entered an order that stated, in pertinent part:
“It has been held that the payment of a docketing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action, and that a motion to enforce a previous order or judgment of the court is a new action that requires the payment of such a fee. Odom v. Odom, [89 So.3d 121 (Ala.Civ.App.2011) ]; Opinion of the Clerk [No. 17 ], Supreme Court of Alabama, 363 So.2d 97 (Ala.1978). A jurisdictional defect cannot be waived and the rule of equitable estoppel has not been applied to remedy such a defect.
*186 “The Alabama Supreme Court has ruled, however, that when a filing fee has not been paid, the trial court may make such orders as are reasonable and necessary to ensure payment, and has approved the trial court giving a party an opportunity during the course of a proceeding to pay a filing fee that was not paid at the time of filing. Espinoza v. Rudolph, 46 So.3d 403 (Ala.2010).
“It appears to the court that the payment of the filing [fee], even at this stage of the proceeding, will cure the jurisdictional defect and that the court has the discretion to permit such late payment. Accordingly, the court finds that either party may, within 14 days from the date of this order, pay the filing fee that was unpaid by [Bona Faye], and upon such payment, the court will deny [Bona Faye’s] motion to alter, amend or vacate its order of October 5, 2011. In the event the filing fee is not paid within such period, then the court will vacate its order of October 5, 2011.”
On December 19, 2011, Donald filed a notice to the court, indicating that he had paid the filing fee associated with Bona Faye’s motion. Bona Faye filed her notice of appeal to this court on January 26, 2012.
Bona Faye raises only one issue on appeal — that the trial court lacked subject-matter jurisdiction to enter its October 5, 2011, judgment because no filing fee had been paid when the motion for contempt, sanctions, and specific performance was filed. Both parties agree that a “contempt action is a separate action requiring the payment of a filing fee.” G.E.A. v. D.B.A., 920 So.2d 1110, 1113 (Ala.Civ.App.2005). Citing Odom v. Odom, 89 So.3d 121 (Ala.Civ.App.2011), Bona Faye argues that the trial court lacked subject-matter jurisdiction to rule on her contempt motion for her failure to pay a filing fee when she filed that motion.
In Odom, the former husband filed a “motion for modification” of the support provisions of a judgment divorcing him from the former wife. The trial court purported to deny the former husband’s motion, and the former husband appealed. 89 So.3d at 121-22. Citing Vann v. Cook, 989 So.2d 556 (Ala.Civ.App.2008), this court dismissed the appeal and concluded that, because the former husband had failed to pay a docket fee or file a verified statement of substantial hardship seeking waiver of prepayment of any applicable docket fee, the trial court was without jurisdiction to act on the former husband’s motion. 89 So.3d at 123. This court stated in Vann:
“Section 12-19-70, Ala.Code 1975, provides that ‘a consolidated civil filing fee, known as a docket fee, [shall be] collected ... at the time a complaint is filed in circuit court or in district court,’ although that payment ‘may be waived initially and taxed as costs at the conclusion of the case’ if ‘[a] verified statement of substantial hardship’ is filed and is approved by the trial court. In turn, § 12-19-71(a)(7), AIa.Code 1975, specifies that a filing fee of $248 is to be collected ‘for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order ’ (emphasis added [in Vann]). The payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action. See De-Gas, Inc. v. Midland Res., 470 So.2d 1218, 1222 (Ala.1985); see also Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (‘The failure to pay the fifing or docketing fee is a jurisdictional defect.’).
“In this case, the record does not reflect that the mother paid any docketing *187 fee with respect to her August 2005 motion to enforce the divorce judgment or her September 2005 petition for protection from abuse. Likewise, the record does not reflect that the father paid any filing fee with respect to his September 2005 motion to enforce the divorce judgment or his December 2005 petition for custody. Each of those filings may be characterized as ‘cases ... in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order’ under § 12-19-71(a)(7), yet on none of those occasions was the appropriate docketing fee paid.
[[Image here]]
“The trial court, in exercising jurisdiction over the parties’ claims asserted after the entry of its default judgment in April 2005, acted outside its jurisdiction because the parties did not pay the docketing fees required under Ala.Code 1975, § 12-19-70 et seq., for that court to acquire subject-matter jurisdiction. A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment. Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274 (Ala.2000). The mother’s appeal is, therefore, dismissed, and the trial court is instructed to vacate all orders entered after the April 2005 default judgment. See, e.g., State Dep’t of Revenue v. Zegarelli, 676 So.2d 354, 356 (Ala.Civ.App.1996). Any further pleadings filed in the trial court in which either party may seek to enforce or modify that court’s April 2005 default judgment should be accompanied by the requisite filing fee.”
989 So.2d at 558-60.
Donald attempts to distinguish Odom and Vann from the present case by asserting that, in those cases, no filing fee was paid by either party at any time, whereas, in the present case, he argues, Donald paid the filing fee subsequent to the entry of the trial court’s December 15, 2011, order allowing either party to pay the filing fee.
In Bernals, Inc. v. Kessler-Greystone, LLC, 70 So.3d 315, 319 (Ala.2011), the Alabama Supreme Court discussed whether a jurisdictional defect can be cured with regard to lack of standing at the time a complaint is filed:
“The question of standing implicates the subject-matter jurisdiction of the court. Ex parte Howell Eng’g & Surveying, Inc., 981 So.2d 413, 419 (Ala.2006). ‘When a party without standing purports to commence an action, the trial' court acquires no subject-matter jurisdiction.’ State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). Moreover, ‘[t]he jurisdictional defect resulting from the plaintiffs lack of standing cannot be cured by amending the complaint to add a party having standing.’ Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008). When the absence of subject-matter jurisdiction is noticed by, or pointed out to, the trial’ court, that court has no jurisdiction to entertain further motions or pleadings in the case. It can do nothing but dismiss the action forthwith.’ Id. When a circuit court lacks subject-matter jurisdiction, all orders and judgments entered in the case, except an order of dismissal, are void ab initio. Redtop Market, Inc. v. State, 66 So.3d 204 (Ala.2010). Thus, if Brentwood lacked standing to. commence this action, then the absence of subject-matter jurisdiction was not cured by the substitution of Kessler, and every order and judgment entered by the trial court is void.”
*188 Applying that discussion to the present case, we conclude that the lack of subject-matter jurisdiction at the outset of the case could not be cured by the subsequent payment of the filing fee.
The trial court relied on Espinoza v. Rudolph, 46 So.3d 403 (Ala.2010), in its judgment, concluding that Espinoza stood for the proposition that, “when a filing fee has not been paid, the trial court may make such orders as are reasonable and necessary to ensure p'ayment,” and that the trial court may “giv[e] a party an opportunity during the cour.se of a proceeding to pay a filing fee that was not paid at the time of filing.” We disagree.
In Espinoza, a filing fee was not submitted alongside a counterclaim,; the circuit court later dismissed the complaint that had initiated the action, and a subsequent motion to set aside the order dismissing the action, based on the still-pending counterclaim, was filed. 46 So.3d at 409. The circuit court entered an order allowing the counterclaimant 14 days to pay the requisite fee for her counterclaim; the court indicated that, upon her paying the fee, the status of the case would be changed from “disposed” to “active.” Id. The counter-claimant paid the filing fee and was ultimately successful on her counterclaim. Id. at 411. On appeal, the Alabama Supreme Court concluded that the circuit court had not erred by reinstating the counterclaims upon payment of the filing fee, stating, in pertinent part:
“In De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (AIa.1985), the plaintiffs did not pay the docket fee required by § 12-19-70(a)[, Ala.Code 1975,] until nearly two months after they had filed their complaint. The statute of limitations on the action had expired between the time the complaint was filed and the time the plaintiffs paid the docket fee. In considering whether the plaintiffs’ action commenced for statute-of-limitation purposes before the payment of the docket fee, this Court observed that ‘§ 12-19-70 requires the payment of filing fees ... at the time of filing the complaint ’ and that ‘the defendant in an initial action cannot know of the existence of the suit against him’ until the fees are paid and certain judicial action is taken on the complaint. Accordingly, this Court concluded that the payment of the fees required by § 12-19-70 ‘is a jurisdictional prerequisite to the commencement of an action for statute of limitations purposes.’ De-Gas, 470 So.2d at 1222. But cf. Rule 3(a), Ala. R. Civ. P. (‘A civil action is commenced by filing a complaint with the court.’).
“Section 12-19-71(a)(8), Ala.Code 1975, requires the clerk to collect a filing fee for a counterclaim filed in the circuit court. Jabez argues that, like the docket fee mandated by § 12-19-70, the filing fee for a counterclaim is ‘jurisdictional.’ See De-Gas, 470 So.2d at 1222. Jabez suggests that a counterclaim is not truly ‘filed,’ and thus does not become part of the action, until the filing fee required by § 12-19-70 is paid.
“Although § 12-19-70 expressly requires that the docket fee must be ‘collected from [the] plaintiff at the time [the] complaint is filed,’ § 12-19-70(a), Ala.Code 1975 (emphasis added), the legislature has not expressly provided that a, filing fee must be collected at the time a counterclaim is filed. Cf. DeGas, 470 So.2d at 1220 (‘ “There shall be a consolidated civil filing fee ... collected from a plaintiff at the time a complaint is filed....” ... It was the obvious intent of the legislature to require that either the payment of this fee or a court-approved verified statement of substantial hardship accompany the complaint at the time of filing.’ (quoting *189 § 12-19-70, Ala.Code 1975)). Therefore, when Rudolph delivered the counterclaim to the clerk, the counterclaim was ‘filed’ and became a part of the action over which the trial court had jurisdiction. See Rule 5(e), Ala. R. Civ. P. (‘The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court....’); Rubin v. Department of Indus. Relations, 469 So.2d 657 (Ala.Civ.App.1985) (‘ “[A] pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer.” ’ (quoting Covington Bros. Motor Co. v. Robinson, 239 Ala. 226, 194 So. 663 (1940))); cf. Cunningham v. Lavoie, 874 So.2d 1068, 1071-72 (Ala.2003) (distinguishing the statutory fee for filing a claim in the probate court from the docket fee statutorily required to be submitted with complaint in a civil action in the circuit or district court); De-Gas, 470 So.2d at 1222 (distinguishing the docket fee submitted with a complaint from the filing fee required in conjunction with the filing of an appeal).”
46 So.3d at 413-14 (footnotes omitted).
Thus, the supreme court distinguished between the necessity of a filing fee alongside a complaint, which, in accordance with De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), is jurisdictional, and the failure to pay a docket fee at the time a counterclaim is filed, which, it determined, may be subsequently cured.
Donald argues in his appellee’s brief that
“[ajddressing the jurisdictional defect in the manner prescribed by the trial court prevents plaintiffs, such as [Bona Faye] in this case, from filing a claim and pursuing it to the end, but getting another bite at the apple when they disagree with the final judgment. The trial court has already invested substantial time and money in the resolution of this case and to allow [Bona Faye] to pursue her claim a second time would cause the court’s already stretched resources to be stretched even further.”
Although we agree that this result is not particularly judicially economical, we note that this court has already considered whether a jurisdictional defect may be overlooked on the basis of estoppel in Vann, in which we stated: “[W]e reject the father’s contention that the mother is estopped to assert nonpayment of filing fees as a ground of attack on the trial court’s jurisdiction because (1) ‘jurisdiction over the subject matter of a proceeding cannot be conferred by estoppel.’ ” 989 So.2d at 559 (quoting Alves v. Board of Educ. for Guntersville, 922 So.2d 129, 134 (Ala.Civ.App.2005)).[1]
Because no filing fee was paid when Bona Faye filed her motion for contempt, sanctions, and specific performance, we conclude that the trial court lacked subject-matter jurisdiction over the action. Because a judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal, we dismiss the appeal, albeit with instructions to the trial court to vacate all orders stemming from the filing of Bona Faye’s motion for contempt, sanctions, and specific performance. See Vann, supra.
*190 APPEAL DISMISSED WITH INSTRUCTIONS.
THOMAS, J., concurs.
BRYAN, J., concurs in the result, without writing.
THOMPSON, P.J., dissents, with writing.
PITTMAN, J., dissents, without writing.

. See also Ex parte Carter, 807 So.2d 534 (Ala.2001) (concluding that, although the circuit court purported to invoke subject-matter jurisdiction over an inmate’s Rule 32, Ala. R.Crim. P., petition by taxing the filing fee as costs at the end of the proceeding, when the inmate had failed to pay a filing fee and the circuit court had not approved an in forma pauperis declaration for the petition, the circuit court’s order was void because the circuit court never had jurisdiction to rule on the petition).