SHAW, Justice
(concurring specially). ■
I concur in denying the petition for the writ of certiorari. In the underlying case, Bona Faye Hicks and Dennis Hicks[1] sued Donald Ray Hicks regarding a dispute over the location of a property line. The trial court entered a judgment in 2009 requiring Donald to relocate a boundary-line fence.
In August 2010, Bona Faye filed what is described in the Court of Civil Appeals’ opinion as a “motion for contempt, sanctions, and specific performance,” asserting that Donald had failed to comply with the trial court’s 2009 judgment.[2] Hicks v. Hicks, 130 So.3d 184, 185 (Ala.Civ.App.2012). On October 5, 2011, the trial court found that Donald had in fact complied with the judgment and denied the motion. Bona Faye subsequently filed a “motion to alter, amend, or vacate,” asserting that the trial court lacked subject-matter jurisdiction to enter its October 5, 2011, decision denying her motion because no filing fee had been paid upon the filing of the “motion for contempt, sanctions, and specific performance.” Donald, the nonmovant, apparently then paid the filing fee.
On appeal to the Court of Civil Appeals, Bona Faye contended, as she had below, that the trial court lacked subject-matter jurisdiction to issue its October 5, 2011, decision because no filing fee had been paid when the “motion for contempt, sanctions, and specific performance” was initially filed. Proceeding under the premise, as argued by the parties, that a filing fee was required for the trial court to obtain subject-matter jurisdiction to rule upon that motion, the Court of Civil Appeals undertook to determine whether the presumed lack of subject-matter jurisdiction at the outset of Bona Faye’s motion, because she paid no filing fee, could be cured by Donald’s subsequent payment of that filing fee. That court, in a plurality decision, decided that Donald’s subsequent payment of the filing fee did not afford the trial court jurisdiction and dismissed the appeal with instructions for the trial court “to vacate all ■ orders stemming from the filing of Bona Faye’s motion for contempt, sanctions, and specific performance.” 130 So.3d at 189.
Donald petitions for certiorari review, contending that the Court of Civil Appeals erred in holding that the filing fee must be paid at the outset of the case and could not be paid at a later time. I see no probability of merit in Donald’s petition. See Rule 39(f), Ala. RApp. P. (providing that this Court may issue the writ of certiorari if it “concludes that there is a probability of merit in the petition....”). This is not because I agree with the rationale of the Court of Civil Appeals, nor is it because I do not believe that the allegations in the petition show no potential merit in the issue argued; instead, I reject the premise that a filing fee was actually required in this case. Specifically, trial courts retain “residual jurisdiction” to enforce their previous, final judgments. George v. Sims, 888 So.2d 1224, 1227 (Ala.2004) (“[A] trial court has ‘residual jurisdiction or authority to take certain actions necessary to en *196 force ... a final judgment....”’ (quoting Helms v. Helms’ Kennels, Inc., 646 So.2d 1343, 1347 (Ala.1994))). Here, Bona Faye’s motion “for contempt, sanctions, and specific-- performance” appears — from the limited facts before us — to be an attempt to have the trial court enforce its previous judgment requiring Donald to move the boundary-line fence. To the extent that that is what Bona Faye requested, the trial court retained “residual” jurisdiction to require Donald to do what the court’s final judgment required of him.
Both parties’ arguments in the Court of Civil Appeals were premised on a filing fee being required in order to move the trial court to enforce its 2009 judgment. I note that the cases cited in the Court of Civil Appeals’ opinion for that proposition— Odom v. Odom, 89 So.3d 121 (Ala.Civ.App.2011), and Vann v. Cook, 989 So.2d 556 (Ala.Civ.App.2008)—are both domestic-relations cases. As noted in both of those decisions, Ala.Code 1975, § 12-19-71(a)(7), requires a filing fee for petitions to “enforce an existing domestic relations court order.” (Emphasis added.) That Code section would not apply to require a filing fee in this case, which appears to involve an order in a property-line dispute, not a domestic-relations order.[3] Further, G.E.A. v. D.B.A., 920 So.2d 1110 (Ala.Civ.App.2005), cited in the Court of Civil Appeals’ opinion, was also a domestic-relations case, but it cited Opinion by the Clerk, 381 So.2d 58, 59 (Ala.1980), for the proposition that a filing fee was required. As the Court of Civil Appeals recently noted, that Clerk’s Opinion was superseded, at least in part, in 1994 by the adoption of Rule 70A, Ala. R. Civ. P., governing contempt in civil cases. See Austin v. Austin, [Ms. 2120102, May 10, 2013]-So.3d- (Ala.Civ.App.2013).[4] For all that appears, the authorities cited for the proposition that a filing fee was required for Bona Faye’s motion are inapplicable in this case.
From the limited materials before me, I would conclude that the trial court retained jurisdiction to entertain Bona Faye’s “motion for contempt, sanctions, and specific performance” and, thus, that no filing fee was required. However, I cannot reverse the judgment of the Court of Civil Appeals on this ground, because it is not argued to this Court in the petition stating the reasons this Court should issue the writ of certiorari. It is well settled that this Court will not reverse a lower court’s decision on an issue not raised on appeal. Hart v. Pugh, 878 So.2d 1150, 1157 (Ala.2003) (“[W]hen we are asked to reverse a lower court’s ruling, we address only the issues and arguments the appellant chooses to present.”), and Thompson v. Skipper Real Estate Co., 729 So.2d 287, 289 n. 2 (Ala.1999) (“Although this Court will affirm an order of the trial court on a ground not asserted below, ... this Court *197 will not reverse a trial court’s judgment on a ground that has never been raised.”). This is true even if the argument would support a finding that a lower court had subject-matter jurisdiction. Crutcher v. Williams, 12 So.3d 631, 635 (Ala.2008) (“[T]his Court is not obligated to embark on its own expedition beyond the parties’ arguments in pursuit of a reason to exercise jurisdiction. The burden of establishing the existence of subject-matter jurisdiction falls on the party invoking that jurisdiction.”). This Court has no duty to perform a party’s legal research and cannot advocate legal arguments on any party’s behalf. Spradlin v. Birmingham Airport Auth., 613 So.2d 347, 348 (Ala.1993); see also Schiesz v. Schiesz, 941 So.2d 279, 289 (Ala.Civ.App.2006) (“It is not the function of [an appellate] court to advocate a position on behalf of an appellant or to create a legal argument for the appellant.”). The issue actually raised in Donald’s certiorari petition — whether a filing fee must be paid at the initiation of an action or whether it can be paid at a later time for purposes of bestowing on a trial court subject-matter jurisdiction — is an interesting one; however, because a resolution of that issue would be of no consequence, any discussion of it by this Court would be dictum. See Black’s Law Dictionary 454 (6th ed.1990) (defining “dictum” as “[statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand ..., [which] lack the force of an adjudication”).
It is true that the Court of Civil Appeals’ decision will stand in this case because the dispositive issue was not presented to this Court; however, such a result is not unique. This Court is routinely constrained to allow lower-court decisions to stand because the parties to the appeal have not placed before us the proper argument, even when we might believe those decisions to be erroneous. See, e.g., Ex parte McKinney, 87 So.3d 502, 509 n. 7 (Ala.2011) (calling into question prior case-law but refusing to overrule that caselaw because “this Court has long recognized a disinclination to overrule existing caselaw in the absence of either a specific request to do so or an adequate argument asking that we do so”).

. Dennis died while this case was pending in the trial court.

. It appears that Bona Faye’s motion was filed under, the case number of the original action — CV-09-4—and was not assigned a new case number, indicating that no “new” action was filed.

. Both Bona Faye and Donald have the last name "Hicks,” raising the possibility that they could be related and that the dispute in this case might in fact stem from a prior domestic-relations case. However, I note that the trial court's case designation, containing a "CV” prefix, indicates that the underlying action was a civil action, not a domestic-relations case, which would have been given a “DR” prefix. Further, Bona Faye’s appeal was transferred from this Court to the Court of Civil Appeals pursuant to Ala.Code 1975, § 12-2-7(6), which authorizes the transfer of "any civil case.”

. In certain situations, such as if a contempt proceeding is brought in the form of a counterclaim or cross-claim, the payment of a filing fee might be required. See Rule 70A(c)(1) (providing that a proceeding based on constructive contempt may be filed in the form of a counterclaim or a cross-claim) and Ala. Code 1975, § 12 — 19—71(a)(8) (providing for a filing fee to be paid with the filing of a counterclaim or a cross-claim).