THOMAS, Judge.
Charles David Burgett (“the father”) and Jackie M. Burgett Porter (“the mother”) were divorced by a December 1997 judgment of the Winston Circuit Court. At the time of the divorce, the parties resided in Winston County with their two children; however, the mother later moved to Fayette County, and the father later moved to Walker County. In July 2012, the mother filed a complaint in the Fayette Circuit Court (“the trial court”) in which she sought a modification of the father’s child-support obligation and an award of postminority-educational support for one of the children. The father answered the complaint, and the trial court held a trial on January 22, 2013, after which it entered á judgment (“the modification judgment”) that, among other things, modified the father’s child-support obligation and ordered the parties- to pay postminority educational support for one of their -children. The father filed a postjudgment motion, which the trial court granted in part in April 2013 by modifying certain terms of the modification judgment, but the father did not appeal the modification judgment.
In April 2014, the father filed a motion pursuant to Rule 60(b)(4), Ala. R. Civ. P., in which he contended that the modification judgment is void because the mother had not paid the appropriate docket fee when she filed her complaint in the trial court. The trial court held a hearing on the father’s motion, at which the only witness was Janice Butler, an employee of the Fayette Circuit Clerk’s office. After the hearing, the trial court entered an order denying the father’s Rule 60(b)(4) motion. The father timely appeals from that order, arguing that the trial court erred by concluding that the modification judgment' is not void.
Our review of the grant or denial of a Rule 60(b)(4) motion is de novo; such a motion challenges the underlying judgment as being void, so the question of the validity of the judgment is a purely legal one in which discretion has no place. Northbrook Indem. Co. v. Westgate, Ltd., 769 So.2d 890, 893 (Ala.2000); see also General Motors Corp. v. Plantation Pontiac-Cadillac, Buick, GMC Truck, Inc., 762 So.2d 859, 861 (Ala.Civ.App.1999). The father contended below and contends on appeal that the mother’s failure to pay the appropriate filing fee for the institution of a domestic-relations modification action prevented the trial court from acquiring jurisdiction over the mother’s action and *22 rendered the modification judgment void. As the father argues, our supreme court has concluded that “ ‘ “[t]he payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action.”’” Johnson v, Hetzel, 100 So.3d 1056, 1057 (Ala.2012) (quoting Odom v. Odom, 89 So.3d 121, 122 (Ala.Civ.App.2011), quoting , in turn Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)).
As our supreme court has explained, if a filing fee is not paid when an action is commenced, the trial court does not acquire subject-matter jurisdiction over the action, and any resulting judgment is void. Johnson, 100 So.3d at 1057. The Johnson court based its holding on cases decided by this court, in which we determined, based on De-Gas, Inc. v. Midland Resources, 470 So.2d 1218, 1222 (Ala.1985), that the failure to pay a filing fee at the time a complaint is filed is a jurisdictional defect. See Odom v. Odom, 89 So.3d 121, 123 (Ala.Civ.App.2011) (stating that “[ujnless and until the former husband complies with-Ala.Code 1975, § 12-12-70, by either paying the applicable docket fee or filing a verified statement of substantial hardship that is approved by the trial court, that court will be without subject-matter jurisdiction to consider” the issues raised in the action); Vann, 989 So.2d at 559 (“[T]he parties did not pay the docketing fees required under Ala.Code 1975, § 12-19-70 et seq., for [the circuit] court to acquire subject-matter jurisdiction. A judgment en- ■ tered by a court lacking subject-matter jurisdiction is absolutely void.”); and Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (“The failure to pay the filing or docketing fee is a jurisdictional defect.”).
The facts and the law underlying the issue are clear and undisputed. A filing fee must be collected at the time a complaint is filed. See Ala.Code 1975, § 12-19-70; Vann v. Cook, 989 So.2d at 558-59 (“Section 12-19-70, Ala.C,ode 1975, provides that ‘a consolidated civil filing fee, known as a docket fee, [shall be] collected ... at the time a complaint is filed in circuit ‘court or in district court,’ although that payment ‘may be waived initially and taxed as costs at the conclusion of the case’ if ‘[a] verified statement of substantial hardship’ is filed and is approved by the trial court.’”). The base filing fee for a domestic-relations modification action is $248. See Ala.Code 1975, § 12-19-71(a)(7).
Butler testified that the clerk’s office collected a $154 base filing fee from the mother when she filed her complaint; Butler noted that the mother paid a total of $209, which included the base filing fee and other fees, imposed in that county.[1] The father’s attorney questioned Butler regarding whether the appropriate filing fee should have been $248, and Butler explained that she understood that the clerk’s office collected a total of $302 for a modification action.[2]
Butler testified that the practice of the clerk’s office was to request the filing fee that the State Judicial Information System (“SJIS”) indicated was appropriate for an action. She explained that, .because the mother’s action was a new action in Fay-ette County, it was assigned a new case number, not an existing case number with *23 a successive decimal-point number added, as would typically be the case with a modification action. Butler testified: “That is just our procedure. If we don’t have anything to modify in our county, we use the new filing fee for establishing a new case.”
The trial court commented in its order denying the father’s Rule 60(b)(4) motion that some confusion over the proper filing fee to be paid may have resulted from the fact that, although the mother’s action sought to modify an existing divorce judgment, her complaint was an initial filing in the trial court and was therefore assigned a new case number. Although the trial court acknowledged that the father was relying on Hicks v. Hicks, 130 So.3d 184 (Ala.Civ.App.2013), in which this court held that a trial court had not acquired jurisdiction over a contempt action because the filing fee had not been paid, the trial court distinguished Hicks because no filing fee had been paid at the time the action was commenced in Hicks but the mother in the present case had paid a filing fee when she filed her complaint, even if she had paid only a portion of the fee required. The trial court further stated in its order that “[bjoth the attorney for [the mother] and [the mother] had a right to rely on ... the amount the Clerk’s Office required as a filing fee.” Finally, the trial court noted in its order that the father had not asserted his challenge to the trial court’s jurisdiction until a year had passed since the entry of the modification judgment. Based on the facts that the mother had paid at least a portion of the filing fee and that the mother had relied on the clerk’s office to charge the necessary fee and based on its conclusion that the father had waited too long to bring his challenge, the trial court determined that the modification judgment is not void and denied the father’s Rule 60(b)(4) motion.
We first note that the father correctly argues that the trial court incorrectly concluded that his challenge to the modification judgment was not timely asserted. A Rule 60(b)(4) motion challenging the subject-matter .jurisdiction, of the trial court is a Rule 60(b)(4) motion seeking to have the judgment set aside because it is void. See Campbell v. Taylor, 159 So.3d 4, 12 (Ala.2014) (construing a motion to set aside a judgment brought pursuant to Rule 60(b) as a Rule 60(b)(4) motion because it sought to have the judgment set aside based on a lack of subject-matter jurisdiction); Ex parte R.S.C., 853 So.2d 228, 233 (Ala.Civ.App.2002) (stating that a motion seeking to set aside a judgment for lack of standing was a Rule 60(b)(4) motion seeking to have the judgment set aside on the ground that it was void for lack of subject-matter jurisdiction). A Rule 60(b)(4) motion may be filed at any time. Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 642-43 (Ala.2003). Thus, insofar as the trial court’s order denying the father’s Rule 60(b)(4) motion was based on the trial court’s conclusion that the father’s challenge to the modification judgment was untimely, the trial court erred.
The trial court also determined that the modification judgment is not void because the mother had paid a portion of the required filing fee. The trial court determined that, because the mother in the present case paid the filing fee that the circuit clerk requested at the time she filed her complaint, the mother in this case was unlike the mother in Hicks and the,parties in Johnson, Odom, and Vann, who had paid no filing fee whatsoever when they filed their complaints. The trial court' also determined that the mother was entitled to rely on the circuit clerk to assess the proper fee. Indeed, the appellate courts of -this state have long allowed litigants and their attorneys to rely on information provided to them by the employees of the *24 clerk’s offices of the state. See Sparks v. Alabama Power Co., 679 So.2d 678, 681 (Ala.1996) (concluding that it was “reasonable, under the facts of this ease, to allow Mrs. Sparks to rely on the information affirmatively supplied her by the Jefferson circuit clerk’s office” and determining that her notice of appeal should be accepted as timely despite the fact that her post-judgment motion had been denied more than 42 days before the filing of the notice of appeal when Mrs. Sparks’s attorney had repeatedly inquired about any ruling on the postjudgment motion only to be told by clerk’s office employees that no ruling had been made); Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 681, 154 So. 816, 820 (1934) (“The law is a reasonable master.... In its administration, it neither requires nor expects litigants to distrust its sworn ministers.”); and Williams v. Tyler, 14 Ala.App. 591, 598-99, 71 So. 51, 54 (1916) (“A party ... should not ... be charged with fault for having relied in good faith on information ..., although such information is incorrect, if it is imparted by the clerk, since he is the officer known to be the maker and custodian of the records which contain that information, and since, therefore, it is naturally supposed that he would give only correct information.”). Based on these distinctions, the trial court rejected the father’s argument that Hicks applied and concluded that the mother’s partial payment of the filing fee for a domestic-relations modification action permitted it to conclude that it had subject-matter jurisdiction over the mother’s action.
The father argues that subject-matter jurisdiction may not be conferred by estoppel. See Hicks, 130 So.3d at 189. He reasons that, if the payment of a filing fee is required by § 12-12-70, and if the amount of the fee for a domestic-relations modification action is set by § 12-19-71(a)(7) at $248, in light of the holdings in Johnson, Hicks, Odom, Vann, and Farmer, the mother’s failure to pay the appropriate filing fee amounted to her failure to properly invoke the jurisdiction of the trial court. We cannot agree with the father, however, because the evidence adduced at the Rule 60(b) hearing supports the trial court’s conclusion that the mother properly invoked the jurisdiction of the trial court.
As Butler explained, the mother’s filing was an initial domestic-relations filing in the trial court, and the mother paid the filing fee charged by the circuit clerk based on the fee required by SJIS for that initial domestic-relations filing. The clerk charged the fee required by SJIS; the evidence indicates that she could not have charged more than SJIS required. The trial court was correct in concluding that this case differs from Johnson, Hicks, Odom, Vann, and Farmer because the filing fee required by SJIS was, in fact, paid by the mother and in therefore concluding that it had jurisdiction to proceed to judgment. Accordingly, we affirm the order of the trial court dénying the father’s Rule 60(b)(4) motion.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMAS J., concurs specially.

. We note that the amount of the filing fee prescribed for a contested domestic-relations case is $145, Ala.Code 1975, § 12 — 19— 71(a)(6).

. We assume that the collection of additional - fees that Butler mentioned would account for the $302 that she testified would be collected for a domestic-relations modification action in Fayette County.