THOMAS, Judge,
concurring specially.
I agree with the main opinion and its conclusion that the failure of Jackie M. Burgett Porter (“the mother”) to pay the appropriate filing fee for a domestic-relations modification action did not deprive the Fayette Circuit Court of jurisdiction over the mother’s action to modify child support. However, I would like to take this opportunity to state that I now agree with the position expressed by Presiding *25 Judge Thompson in his dissent in Hicks v. Hicks, 130 So.3d 184, 190 (Ala.Civ.App.2012) (Thompson, P.J., dissenting), that this court improperly expanded the holding of De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985). In fact, this case demonstrates the potential for abuse about which Presiding Judge Thompson warned in his dissent—the potential ability of one person to avoid the application of a judgment well after its entry and well after the parties had acted upon and relied upon its provisions. See Hicks, 130 So.3d at 193 (Thompson, P.J., dissenting). Like Presiding Judge Thompson, I am unable to conclude that the holding in De-Gas, which concerned whether an action had been commenced within the applicable statute-of-limitations period, was intended to create such consequences. I now join Presiding Judge Thompson in calling on our supreme court to reexamine De-Gas and Johnson v. Hetzel, 100 So.3d 1056, 1057 (Ala.2012), and to determine that the failure to pay a filing fee at the time an action is commenced does not necessarily deprive the trial court of subject-matter jurisdiction over the action.
THOMPSON, P.J., concurs.