THOMPSON, Presiding Judge,
concurring in the result.
As I discussed in my dissent in Hicks v. Hicks, 130 So.3d 184, 190 (Ala.Civ.App.2012) (Thompson, P.J., dissenting), I am no longer of the opinion that failure to pay a filing fee necessarily divests the trial court of subject-matter jurisdiction in all situations.[2] I believe that, over time, this court has unnecessarily expanded our supreme court’s holding in De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), which stated that the payment of a filing fee or a court-approved verified statement of substantial hardship “is a jurisdictional prerequisite to the commencement of an action for statute of limitations purposes.” Id. at 1222. In subsequent opinions, this court’s holdings have evolved into a requirement that, in all cases, a failure to pay a filing fee divests the circuit court of subject-matter jurisdiction. See Farmer v. Farmer, 842 So.2d 679 (Ala.Civ.App.2002); Vann v. Cook, 989 So.2d 556 (Ala.Civ.App.2008); Odom v. Odom, 89 So.3d 121 (Ala.Civ.App.2011); and Hicks v. Hicks, 130 So.3d 184 (Ala.Civ.App.2012).
However, in Johnson v. Hetzel, 100 So.3d 1056, 1057 (Ala.2012), our supreme court effectively endorsed our expansion of the holding in De-Gas, stating that,
“for all that appears, the jurisdictional prerequisite of the payment of the filing fee or the filing of a court-approved verified statement of substantial hardship was not met in this case. We must conclude, therefore, that the circuit court did not have jurisdiction to enter its judgment dismissing Johnson’s complaint; thus, that judgment is void. See Odom [v. Odom, 89 So.3d 121 (Ala.Civ.App.2011) ].”
Because the supreme court’s holding in Johnson is binding on this court, see Farmers Ins. Exch. v. Raine, 905 So.2d 832, 835 (Ala.Civ.App.2004), and § 12-3-16, Ala.Code 1975, we cannot overrule Farmer, Vann, Odom, and Hicks. Thus, I have no option but to concur in the result in this case. Nonetheless, I again urge our supreme court to reexamine whether the holding in De-Gas has been unduly expanded by the previously mentioned decisions and whether the failure to pay a filing fee necessarily divests a trial court of subject-matter jurisdiction in any civil action.
THOMAS, J., concurs.

. See Hicks for a thorough explanation of my rationale.