THOMPSON, Presiding Judge.[1]
In January 2015, Tyler Casey Thompson ("the father") and Kaleigh Rose Thompson ("the mother") were divorced by the Baldwin Circuit Court ("the trial court"). In the divorce judgment, the parties were awarded joint legal custody of the parties' minor children ("the children") and the father was awarded sole physical custody. See § 30-3-151(2) and (5), Ala. Code 1975. In June 2017, the father, as the custodial parent, provided notice to the mother of his intent to move to New York with the children. The mother has filed an objection in the trial court, and she also seeks to modify custody. The father petitions this court for a writ of mandamus directing the trial court to dismiss the proceeding in which the mother objects to the proposed move, asserting that the trial court does not have subject-matter jurisdiction.
The following time line, gathered from the materials that the parties have submitted in support of and in opposition to the petition for a writ of mandamus, is helpful to a resolution of this matter.
On June 20, 2017, the father, in compliance with the requirements of the Alabama Parent-Child Relationship Protection Act ("the Act"), § 30-3-160 et seq., Ala. Code 1975, notified the mother of his intent to move with the children to Salem, New York, on September 1, 2017.
On June 26, 2017, the mother sent by certified mail a letter objecting to the proposed move. She did not file her objection *781 in the trial court at that time. That same day, however, the mother, appearing pro se, filed a petition in the trial court seeking to modify custody. Along with her petition, the mother filed an affidavit of substantial hardship ("the hardship affidavit").
On June 26, 2017, the trial court granted the hardship affidavit. In its order, the trial court stated: "The prepayment of docket fees is hereby waived initially and will be taxed to the [mother] as costs at the conclusion of the case."
On July 12, 2017, the mother, who was by then represented by counsel, filed with the trial court the letter she had mailed to the husband on June 26, 2017, objecting to the move. She also filed an amended objection to the move, petition to modify custody and support, and petition for a rule nisi based on the husband's alleged failure to maintain health insurance for the children and to pay his share of the children's health-care expenses.
A hearing was held on August 31, 2017, during which the father made an oral motion to dismiss the mother's objection to the move on the ground that she had failed to pay a filing fee. At that hearing, the trial court noted that the mother had retained counsel and, from the bench, directed her to pay "whatever filing fees you need to pay to get your case going, go pay them before the next court date." The materials before this court do not include a written order memorializing the trial court's oral direction.
The mother paid a filing fee of $350 on September 19, 2017. On October 10, 2017, the trial court held a second hearing on the issue of filing fees. On October 11, 2017, the trial court entered an order determining that the mother's June 26, 2017, filing was "solely" a petition to modify custody and did not constitute a proper objection to the father's proposed relocation. However, the trial court found, the mother's July 12, 2017, filing included a properly filed objection, and, therefore, it denied the father's motion to dismiss the objection. The trial court dismissed the father's counterclaim, which is not at issue before this court. Finally, the trial court ordered the mother to "immediately pay any and all filing fees as she appeared with counsel after filling out" the hardship affidavit. On October 11, 2017, the mother filed a second filing fee for the contempt petition.
The father timely filed his petition for a writ of mandamus on October 25, 2017. In his petition, the father argues that the trial court erred by allowing the mother to file her objection in an existing case, that is, without initiating a new civil proceeding designated with new case number, and/or, he says, without paying a filing fee within 30 days of her receipt of his notice of the proposed move. Because the mother did not pay a filing fee within 30 days, the father contends, the trial court never obtained jurisdiction over her objection to the move.
" '[T]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.' Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000) (citing Ex parte Johnson, 715 So.2d 783, 785 (Ala. 1998) ).
" ' " 'A writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' " '
" Ex parte Punturo, 928 So.2d 1030, 1033 (Ala. 2002) (quoting Ex parte Bruner, 749 So.2d 437, 439 (Ala. 1999), *782 quoting in turn Ex parte McNaughton, 728 So.2d 592, 594 (Ala. 1998) )."
Ex parte Siderius, 144 So.3d 319, 323 (Ala. 2013).
As the father points out, the Act requires that, after receiving notice of a proposed relocation of a child's principal residence, a noncustodial parent has 30 days in which to file a proceeding objecting to a proposed move or relocation. § 30-3-169, Ala. Code 1975. In support of his assertion that the trial court never obtained subject-matter jurisdiction over the mother's objection because she failed to pay a filing fee within the required 30 days, the father cites Hicks v. Hicks, 130 So.3d 184 (Ala. Civ. App. 2012).
In Hicks, this court quoted Vann v. Cook, 989 So.2d 556, 558-59 (Ala. Civ. App. 2008), writing:
" 'Section 12-19-70, Ala. Code 1975, provides that "a consolidated civil filing fee, known as a docket fee, [shall be] collected ... at the time a complaint is filed in circuit court or in district court," although that payment "may be waived initially and taxed as costs at the conclusion of the case" if "[a] verified statement of substantial hardship" is filed and is approved by the trial court. In turn, § 12-19-71(a)(7), Ala. Code 1975, specifies that a filing fee of $248 is to be collected "for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order" .... The payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action. See De-Gas, Inc. v. Midland Res., 470 So.2d 1218, 1222 (Ala. 1985) ; see also Farmer v. Farmer, 842 So.2d 679, 681 (Ala. Civ. App. 2002) ("The failure to pay the filing or docketing fee is a jurisdictional defect.").' "
Hicks, 130 So.3d at 186 (emphasis omitted; emphasis added).
In this case, the mother filed her amended petition to modify custody and objection to the father's proposed move on July 12, 2017, which was within 30 days of her receipt of the father's letter of June 20, notifying her of his intent to move. The mother also filed a hardship affidavit, which the trial court granted within the 30-day period in which the mother had to file her objection. As the mother points out in her answer to the father's mandamus petition, a court-approved verified statement of substantial hardship, such as the hardship affidavit the mother filed in this case, excuses the payment of a filing fee at the outset of the action. See Haynes v. Haynes, 97 So.3d 781, 783 (Ala. Civ. App. 2012).
Nowhere in his petition to this court does the father discuss the consequences of the court-approved hardship affidavit. He simply argues that, because the filing fee was not paid, the trial court did not obtain subject-matter jurisdiction. Well established authority, however, teaches us that the trial court obtained subject-matter jurisdiction upon approval of the hardship affidavit, which resulted in a waiver of the mother's requirement to pay a filing fee within the 30-day period. While the case was within the trial court's jurisdiction, the trial court ordered the mother to pay the appropriate filing fees, and the mother complied with that order.
"It is not this court's obligation to create arguments for an appellant. Hayes v. Hayes, 949 So.2d 150, 154 (Ala. Civ. App. 2006) ('An appellate court is under no obligation to perform research or to make arguments for appellants.'). Instead, the appellant is obligated to provide arguments demonstrating that the trial court committed error requiring *783 reversal. See Middleton v. Lightfoot, 885 So.2d 111, 113-14 (Ala. 2003) (" 'The burden of establishing that an erroneous ruling was prejudicial is on the appellant." Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala. 1991).')."
Franklin v. Woodmere at the Lake, 89 So.3d 144, 150 (Ala. Civ. App. 2011). Because the father has failed to demonstrate error, he has also failed to demonstrate that he has a clear legal right to the order he seeks. Ex parte Siderius, 144 So.3d at 323. Accordingly, the father's petition for a writ of mandamus is denied.
PETITION DENIED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

Presiding Judge Thompson is not related to the parties.