On June 14, 2000, the trial court divorced Tony D. Farmer (the "father") and Christy Farmer (the "wife"), awarding them joint legal custody of their two minor children and awarding the mother sole physical custody. On July 18, 2000, the father and Larry Farmer and Linda *Page 680 
Farmer (the paternal grandparents), as intervenors, filed a postjudgment motion, requesting the trial court to reconsider certain aspects of the visitation provisions of the divorce judgment, pursuant to Rule 59(e), Ala.R.Civ.P. Because the motion was filed 34 days after the divorce judgment was entered, the motion was untimely and did not toll the time for taking an appeal. Rule 59(e). Despite that fact, the trial court held a hearing on the father's motion.
At that hearing, the father admitted that his postjudgment motion was untimely; he attempted to substitute for that motion a petition to modify custody. The mother's attorney strenuously objected, arguing that the petition was the filing of a new case that required payment of a filing fee and proper service on the mother. The father's attorney disagreed, stating that, because the petition was filed within 30 days of the last action in the case, the father, by filing the petition, was not filing a new case and was not required to pay a filing fee. The trial court denied the mother's motion to strike the petition and proceeded to take testimony. When the trial court denied the petition to modify, the father appealed.
Because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu,'" Wallace v. TeeJays Mfg., Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v.Baker, 518 So.2d 711, 712 (Ala. 1987)), we must first consider whether we have jurisdiction over the father's appeal. At issue is whether the father's petition to modify was properly before the trial court. We conclude that the trial court lacked jurisdiction over the petition because of the father's failure to properly file the petition, his failure to pay a filing fee, and his failure to properly serve the mother.
Our supreme court has stated that a petition to modify is a separate action that requires a proper filing, the payment of a filing fee, and service. See Ex parte Davidson, 782 So.2d 237, 240 (Ala. 2000) ("The filing of a petition to modify a domestic-relations judgment is, for purposes of applying the rules of procedure, treated as the filing of a separate action."); see also Opinion by the Clerk, 381 So.2d 58, 59
(Ala. 1980). Based on the statement of the Alabama Supreme Court inDavidson, the father's attempt to file his petition to modify by substituting it for his postjudgment motion is ineffective because he did not pay a filing fee, did not file the petition, and did not serve the mother.
First, the father did not properly file his petition to modify with the court. The father's attorney handed the trial judge and the mother's attorney the petition to modify in open court during a hearing originally scheduled on the father's postjudgment motion. Further, the petition to modify is not included in the record, nor is it noted on the trial court's case-action-summary sheet as having been filed. This does not constitute a proper "filing" for purposes of Rule 3, Ala.R.Civ.P., as that term is defined in Rule 5(e), Ala.R.Civ.P., which states:
 "(e) Filing With the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules." *Page 681 
Secondly, the father did not pay a filing or docketing fee. Such a fee must be collected when a case is filed. See Ala. Code 1975, § 12-19-70;see also Davidson, 782 So.2d at 240. The failure to pay the filing or docketing fee is a jurisdictional defect. See Carpenter v. State,782 So.2d 848, 850 (Ala.Crim.App. 2000) (citing § 12-19-70; De-Gas,Inc. v. Midland Resources, 470 So.2d 1218, 1220 (Ala. 1985)). Finally, the mother was not properly served as required by Rule 4, Ala.R.Civ.P. Rule 4(a) requires that, after a proper filing, service be made by use of a summons or other process issued by the clerk of the court. Rule 4(a)(2) also states, in pertinent part:
 "The summons, or other process . . . shall be signed by the clerk, contain the name of the court and the name of the first party on each side . . ., be directed to the defendant . . ., state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify the defendant that, in case of the defendant's failure to do so, judgment by default will be rendered against the defendant for the relief demanded in the complaint."
The mother's attorney objected to the in-court "service" of the petition, arguing that the rules required the mother to be served properly with a summons. Clearly, the father did not comply with Rule 4.
The father's petition to modify was not properly before the trial court for at least two reasons — failure to pay a docketing or filing fee and failure to properly serve the mother. The failure to properly serve the mother deprived the trial court of jurisdiction, see Ex parte Pate,673 So.2d 427, 428-29 (Ala. 1995), as did the failure of the clerk to collect a filing fee. See Carpenter, 782 So.2d at 850. The trial court's judgment was void for lack of jurisdiction. Because a void judgment will not support an appeal, see Veteto v. Yocum, 792 So.2d 1117, 1119
(Ala.Civ.App. 2001) (citing Jones v. Sears, Roebuck Co., 342 So.2d 16,17 (Ala. 1977)), the father's appeal must be dismissed.
APPEAL DISMISSED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result.