WOODALL, Justice.
This appeal arises from the Montgomery Circuit Court’s dismissal of Brandon Johnson’s action against Gary Hetzel, warden of the Donaldson Correctional Facility; Sean Carlton, a correctional-officer trainee at the facility; and correctional officers Dennis Johnson and Joe Binder (collectively “the defendants”). We hold that the circuit court’s judgment is void for lack of subject-matter jurisdiction, and we dismiss the appeal.
On April 29, 2011, Johnson, who is incarcerated at the Donaldson Correctional Facility serving a life sentence without the possibility of parole following a conviction for murder, was seen fighting with another inmate, Rodney Miller. On that same date, Johnson was placed under “house arrest” pending a disciplinary hearing. Johnson argues that the defendants “deliberately plac[ed] him in ‘house arrest’ two (2) cells from [Miller] who he had a fight with earlier that day, and [that] the defendants were responsible for the protection of both inmates, but instead opened the door to both cells at which time [Johnson] and [Miller] got into another fight,” in *1057 which, Johnson argues, he was injured. Johnson’s brief, at 8.
On May 24, 2011, Johnson filed a complaint in the Montgomery Circuit Court against the defendants, alleging that the defendants had “deliberately placed him in a very dangerous situation” and that the circumstances of his house arrest constituted a “clear violation of [his] right against cruel and unusual punishment as guaranteed pursuant to Article I, Section 15, of the Alabama Constitution of 1901, and the 8th and 14th Amendments] to the United States Constitution.” Also on May 24, 2011, Johnson filed in the circuit court an affidavit of substantial hardship, requesting that the initial docket fee be waived. Johnson argues that the circuit court never approved his affidavit of substantial hardship.
On November 16, 2011, the circuit court ordered a nonjury trial to be held on January 24, 2012. Johnson filed a second affidavit of substantial hardship in December 2011. On January 28, 2012, the defendants filed a motion to dismiss the complaint or, in the alternative, for a summary judgment. The circuit court granted the defendants’ motion on January 24, 2012, and dismissed Johnson’s complaint.
Johnson has appealed the circuit court’s judgment of dismissal, arguing, in pertinent part, that the circuit court never acquired jurisdiction over his case because he did not pay the necessary filing fee and the circuit court never approved either of the affidavits of substantial hardship he had filed. It is well established that “ ‘[t]he payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action.’ ” Odom v. Odom, 89 So.3d 121, 122 (Ala.Civ.App.2011) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008), citing in turn De-Gas, Inc. v. Midland Res., 470 So.2d 1218, 1222 (Ala.1985)). See also Ex parte Carter, 807 So.2d 534, 536 (Ala.2001) (“[T]he circuit court never had jurisdiction to consider Carter’s Rule 32[, Ala. R.Crim. P.,] petition, because it did not collect a filing fee or approve Carter’s affidavit of substantial hardship at the time the petition was filed.”).
The record in this case indicates that Johnson filed two affidavits of substantial hardship — one in May 2011 and another in December 2011. However, nothing in the record indicates that the circuit court approved either of Johnson’s affidavits or that Johnson ever paid the required filing fee. Indeed, the State is, in fact, silent on this issue.
Thus, for all that appears, the jurisdictional prerequisite of the payment of the filing fee or the filing of a court-approved verified statement of substantial hardship was not met in this case. We must conclude, therefore, that the circuit court did not have jurisdiction to enter its judgment dismissing Johnson’s complaint; thus, that judgment is void. See Odom, supra. “[B]ecause a void judgment will not support an appeal, we vacate the trial court’s judgment and dismiss the appeal.” Hunt Transition & Inaugural Fund, Ine. v. Grenier, 782 So.2d 270, 274 (Ala.2000).[1]
JUDGMENT VACATED; APPEAL DISMISSED.
MALONE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. Our decision that the circuit court did not have jurisdiction to enter its judgment preter-mits consideration of Johnson’s argument that the circuit court exceeded its discretion in dismissing his case before he had a chance to respond to the defendants’ motion to dismiss.