MOORE, Chief Justice
(dissenting).
I dissent from the Court’s decision to deny the petition for the writ of certiorari in this case, because I conclude that Donald Ray Hicks raised a valid conflict between prior decisions and the Court of Civil Appeals’ decision that merits this Court’s review. The issue in this case is whether the failure to pay a filing fee in the trial court is a jurisdictional defect that deprives a court of subject-matter jurisdiction. The Court of Civil Appeals concluded that the trial court lacked subject-matter jurisdiction because Bona Faye Hicks did not pay a filing fee when she filed a motion for contempt. The Court of Civil Appeals dismissed Bona Faye’s appeal on that basis. Hicks v. Hicks, 130 So.3d 184 (Ala.Civ.App.2012).
In his certiorari petition to this Court, Donald argues that the Court of Civil Appeals’ decision conflicts with De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), by improperly expanding the holding in that case. The Court in De-Gas stated that “the payment of the fees required by § 12-19-70[, Ala.Code 1975,] or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action for statute of limitations purposes.” 470 So.2d at 1222 (emphasis added). Donald argues in his petition that the Court of Civil Appeals applied an in *198 correctly expanded holding in De-Gas by holding that the failure to pay a filing fee deprives the trial court of subject-matter jurisdiction. In so doing, the Court of Civil Appeals followed a line of its own cases construing De-Gas with similar breadth. See, e.g., Odom v. Odom, 89 So.3d 121 (Ala.Civ.App.2011), Vann v. Cook, 989 So.2d 556 (Ala.Civ.App.2008), and Farmer v. Farmer, 842 So.2d 679 (Ala.Civ.App.2002). Donald also asks the Court to overrule our decision in Johnson v. Hetzel, 100 So.3d 1056 (Ala.2012), which followed the Court of Civil Appeals’ expansion of the holding in De-Gas.
Presiding Judge Thompson dissented below and specifically urged this Court to reexamine our holding in Hetzel and
“to consider whether, in this case, the main opinion again improperly expands the holding of De-Gas to hold that, in all cases, a failure to pay a filing fee under § 12-19-70[, Ala.Code 1975,] divests the circuit court of subject-matter jurisdiction over an action.”
Hicks, 130 So.3d at 193. Judge Thompson raised several valid concerns. First, he pointed out that the statute of limitations is an affirmative defense that does not implicate a trial court’s subject-matter jurisdiction. Second, he noted that this Court in De-Gas did not hold that the trial court lacked subject-matter jurisdiction over the action because the plaintiff had failed to pay the filing fee, only that the action was barred by the statute of limitations. Third, he points out that the filing-fee statute, § 12-19-70, Ala.Code 1975, involves court finances and has nothing to do with a court’s subject-matter jurisdiction.[5]
I agree with Judge Thompson’s concerns regarding De-Gas, Hetzel, and cases that have, in my opinion, improperly expanded the holding in De-Gas. This Court in De-Gas used the filing-fee requirement to determine whether a case had been “commenced” within the limitations period and referred to the fee as a “jurisdictional prerequisite.”[6] Thereafter, the Farmer, Odom, and Vann decisions expanded upon the holding in De-Gas and made the failure to pay a filing fee in any case a bar to subject-matter jurisdiction. This Court in Hetzel appeared to endorse the expansion of the holding in De-Gas. But see Espinoza v. Rudolph, 46 So.3d 403 (Ala.2010) (noting that failure to pay a filing fee with counterclaims is not a jurisdictional defect and that the trial court may make such orders as reasonable and necessary to ensure payment). I join Judge Thompson in the belief that this Court and the Court of Civil Appeals have erroneously confused subject-matter jurisdiction and filing-fee requirements in cases applying the holding in De-Gas. I urge this Court to consider this issue in a future case.

. Judge Thompson, with admirable contrition, noted that he had voted with the majority in Odom, Vann, and Farmer but that he now believes those opinions to be in error.

. The De-Gas Court used the term "jurisdictional” in this one sentence only and did not otherwise discuss this issue in terms of the trial court's subject-matter jurisdiction. The isolated use of the term "jurisdictional” here, therefore, appears anomalous and, at most, dicta.