THOMAS, Judge.
L.H. (“the mother”) and L.S., Sr. (“the father”), are the parents of two children. In August 2007, the Montgomery Juvenile Court entered a judgment awarding the parties joint custody of their children. The 2007 judgment is not contained in the record on appeal.
In February 2010, the mother filed in the juvenile court a petition to modify custody and to hold the father in contempt.[1] The case was tried in September and November 2010, after which the juvenile court entered a judgment on June 29, 2011, awarding the mother sole physical custody of the children and awarding the father generous visitation rights; the parties continued to share joint legal custody of the children. On July 28, 2011, the father filed a motion to alter, amend, or vacate the juvenile court’s judgment. The following day, on July 29, 2011, the guardian ad litem for the children filed what he entitled a “Motion for New Trial,” which he described as being filed pursuant to Rule 60, Ala. R. Civ. P. In his motion, the guardian ad litem alleged that “new information” had come to light that would support the grant of a new trial; some of the new information related to an incident that *948 had allegedly occurred six months earlier, but some of the new information related to events that had occurred after the entry of the June 29, 2011, judgment.[2] Because it was filed more than 14 days after the entry of the June 29, 2011, judgment and because it requested that the judgment be set aside based, in part, on newly discovered evidence, we construe the guardian ad litem’s motion as a Rule 60(b)(2) motion. Young v. Southeast Alabama Med. Ctr., [Ms. 2111258, Feb. 8, 2013] — So.3d —, —(Ala.Civ.App.2013) (noting that an appellate court “construe[s] a motion by its ‘essence’ and not by its nomenclature”).
The juvenile court denied the father’s postjudgment motion by entry of the denial directly into the State Judicial Information System (“SJIS”) on August 3, 2011; the entry states that the father’s motion is “denied pursuant to the 14-day rule,” which is a reference to Rule 1(B), Ala. R. Juv. P., which requires that a post-judgment motion in a juvenile case be filed within 14 days of the entry of the judgment to which it is directed. The juvenile court set the guardian ad litem’s motion for a hearing on August 17, 2011, and directed the mother to respond. The hearing on the guardian ad litem’s motion was continued at the mother’s request.
On August 18, 2011, the father filed a motion for an ex parte order, in which he alleged that the mother had refused to take the children to football camp at “high school A,” that the father had enrolled them at football camp at “high school B,” that the mother had enrolled the older child in high school A despite his desire to attend high school B, and that the older child would be ineligible to play football at high school A.[3] The father requested that the juvenile court grant him legal and physical custody of the children and order that the children be enrolled in high school B. The juvenile court entered an order on August 23, 2011, that awarded temporary legal and physical custody of the children to the father and ordered that they be enrolled in high school B. The juvenile court set an evidentiary hearing on the motion for September 14, 2011; however, that hearing was continued several times and was ultimately held on November 21, 2012.[4]
At the November 21, 2012, hearing, the parties agreed that the guardian ad litem had withdrawn his Rule 60(b) motion and that the hearing was to proceed solely on the issue of the award of ex parte custody to the father in August 2011. After the hearing, the juvenile court entered an order on January 16, 2013, in which it award *949 ed the father custody[5] of the children and awarded the mother specified visitation. The mother timely filed a postjudgment motion directed toward the January 2013 judgment. On February 8, 2013, the juvenile court rendered an order denying the mother’s postjudgment motion, which was entered on February 13, 2013. On February 15, 2013, the mother filed in the juvenile court what she entitled a “Motion to Dismiss Pursuant to Rule 12(b)(1), Ala. R. Civ. P., and Motion to Dissolve All Orders Entered after June 29, 2011.” In that motion, which is more properly construed as a Rule 60(b)(4) motion seeking to have the January 29, 2013, judgment set aside on the ground of voidness, the mother argued that the juvenile court lacked jurisdiction to entertain the father’s purported postjudgment motion and the guardian ad litem’s motion because they were filed more than 14 days after the entry of the June 29, 2011, judgment and further contended that all the orders and judgments entered by the juvenile court after the entry of the June 29, 2011, judgment were void. The mother also filed a notice of appeal on February 15, 2013.
On appeal, the mother asserts the same general argument presented in her “Motion to Dismiss”: that the juvenile court lacked jurisdiction to entertain the father’s ex parte motion for custody and that its January 29, 2013, judgment is void. We agree.
As explained above, the father’s purported postjudgment motion was filed too late to invoke the juvenile court’s jurisdiction to revisit the June 29, 2011, judgment. However, the guardian ad litem’s motion, having been brought pursuant to Rule 60(b), did not suffer the same defect, because a Rule 60(b) motion is not a post-judgment motion that must be filed within 14 days of the entry of the judgment to which it is directed. See E.S.R. v. Madison Cnty. Dep’t of Human Res., 11 So.3d 227, 231 (Ala.Civ.App.2008). When the guardian ad litem’s motion was withdrawn, however, the June 29, 2011, judgment was no longer subject to a collateral attack, and that judgment remained the unchallenged final judgment on the mother’s modification petition.
Based on his ex parte motion, the father was awarded custody of the children without notice to the mother or a hearing. However, the father’s ex parte motion was not part of a custody-modification proceeding that invoked the jurisdiction of the juvenile court; no modification petition was filed in the juvenile court, no filing fee was paid, and the mother was not served with process instituting a new action. See Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002).
This case is similar to Farmer, in that the father in the present case, like the father in Farmer, had filed an untimely postjudgment motion directed toward the final custody judgment. See Farmer, 842 So.2d at 680. The father in Farmer attempted to convert his untimely post-judgment motion to a petition to modify at a hearing set on that motion. Id. The father in the present case filed his motion for ex parte order- within three weeks of the entry of the juvenile court’s order denying his postjudgment motion as untimely filed. In both situations, the court lacked jurisdiction over the attempt to modify or change the provisions of the earlier final judgment without the institution of a new *950 action for that purpose. Id. at 680-81. As we explained in Farmer:
“The father’s petition to modify was not properly before the trial court for at least two reasons — failure to pay a docketing or filing fee and failure to properly serve the mother. The failure to properly serve the mother deprived the trial court of jurisdiction, see Ex parte Pate, 673 So.2d 427, 428-29 (Ala.1995), as did the failure of the clerk to collect a filing fee. See Carpenter [v. State ], 782 So.2d [848,] 850 [(Ala.Crim.App.2000)]. The trial court’s judgment was void for lack of jurisdiction.”
Id. at 681. Thus, we conclude that the juvenile court could not entertain the father’s motion for ex parte order filed after the entry of the June 29, 2011, final judgment, because no custody action was pending before it over which it had jurisdiction.[6]
Accordingly, the juvenile court’s January 16, 2013, judgment is void. In addition, its August 23, 2011, order awarding ex parte custody to the father is void. Because a void judgment will not support an appeal, we dismiss the mother’s appeal. Furthermore, we instruct the juvenile court to vacate its January 16, 2013, judgment and its August 23, 2011, order.
The mother’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. We note that, although the version of § 12-15-117(a), Ala.Code 1975, that was in effect at the time the mother filed her modification petition did not provide the juvenile court with jurisdiction over a custody-modification action arising from a juvenile-court custody determination originally made in a paternity proceeding, see Ex parte L.N.K., 64 So.3d 656, 658 (Ala.Civ.App.2010), §§ 12-15-117(a) and 12-15-115(a)(7) were amended effective May 2012 to provide for such jurisdiction. Our legislature, in § 12-15-117.1(a), expressly made those amendments retroactive so that all modification actions arising from juvenile-court custody determinations made in a paternity proceeding that were filed in juvenile court between January 1, 2009, and May 13, 2012, "shall be deemed valid.”

.We would be remiss if we did not point out that Rule 60(b)(2) provides that a party may seek to have a judgment set aside based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, Ala. R. Civ. P.].” There is a distinct and important difference between newly discovered evidence and new evidence. As our supreme court has explained:
"There can be no Rule 60(b)(2) relief for evidence which has come into existence after the trial is over simply because such a procedure would allow all trials perpetual life. ‘Newly discovered evidence' means evidence in existence at the time of trial of which the movant was unaware.... And for a litigant to obtain a new trial on the ground of newly discovered evidence, it must appear that his reasonable diligence before trial would not have revealed this evidence which he failed to discover.”
Moody v. State ex rel. Payne, 344 So.2d 160, 163 (Ala.1977).

. The father filed an identical motion as a verified motion on August 22, 2011.

. Two nonevidentiary hearings were also held; one on February 29, 2012, and the other on November 7, 2012.

. The order does not specify whether the father was awarded only sole physical custody (or “primary physical custody” as he requested at trial) or if he was also awarded sole legal custody of the children. The order states simply that “[t]he Father's Verified Motion for Ex Parte Order is granted.” As noted in the text, the father’s motion requested that the mother be ordered to enroll the children in high school B.

. Even if we were to consider the father’s motion as a counterclaim or a cross-claim filed in response to the guardian ad litem’s Rule 60(b) motion, once that motion was withdrawn and the June 29, 2011, judgment was no longer subject to being set aside on collateral attack, the father's ex parte motion could not stand on its own as a basis for the juvenile court’s exercise of jurisdiction.