MOORE, Judge,
Richard Merriam (“the former husband”) appeals- from ■ a judgment of the *412 Shelby Circuit Court (“the trial court”) ordering him to pay the remaining amount due on his portion of a guardian ad litem’s fee owed to Kim Davidson (“the guardian ad litem”) following the filing of a motion to show cause by the guardian ad litem.[1] We dismiss the former husband’s appeal, albeit with instructions to the trial court to vacate its void order.
On December 1, 2009, the former husband filed in the trial court a petition for a rule nisi and for modification of the October 4, 2004, judgment (“the divorce judgment”) divorcing him from Windy H. Merriam (“the former wife”), requesting that the trial court issue an order requiring the former wife to show cause why she should not be held in contempt of court for failing to comply with the terms and conditions of the divorce judgment. On January 4, 2010, the former wife filed an answer and a counterpetition to modify the divorce judgment. On May 29, 2013, the trial court entered a judgment that stated, in pertinent part:
“6. Kim Davidson was appointed as the Guardian Ad Litem for the minor children on or about March 3, 2010, with her primary role to assist in the visitation and relationship between the children and the [former husband]. Upon affidavit submitted by the [guardian ad litem] and a review of the record, the Court finds that she is entitled to be, and hereby is, awarded a fee in the amount of $22,725.00. The parties have each contributed the sum of $500.00 either directly to the [guardian ad litem] or through the Shelby County Clerk’s office. The Clerk is hereby directed to release the funds being held directly to [the guardian ad litem] at the address herein. The remaining balance of $21,725.00 shall be paid as follows: The [former wife] shall pay $5,000.00 of said balance, the [former husband] shall pay $16,725.00 of said balance. Said sums shall be made directly to [the guardian ad litem].... Judgment is entered in favor of [the guardian ad litem] as set out herein.”
On March 8, 2014, the guardian ad litem filed in the trial court a motion to show cause, asserting that she had received $13,000 from the former husband’s attorney, along with a letter stating that the sum represented payment in full of the former husband’s part of the guardian ad litem’s fee; that the guardian ad litem had e-mailed the former husband’s attorney, stating that the sum had not been payment in full; and that the former husband had not paid the remaining balance to the guardian ad litem. The guardian ad litem sought an order requiring the former husband to pay the remaining balance owed to her, plus interest and fees associated with her appearance at appellate mediation regarding the former husband’s appeal of the May 29, 2013, judgment and in the trial court to recover the remainder of the fees already owed by the former husband.
On March 25, 2014, the former husband filed a response to the guardian ad litem’s motion to show cause. He attached to his response a copy of the check made out to the guardian ad litem, which states on its face “payment in full.” The former husband asserted that the guardian ad litem’s acceptance of the check was an accord and satisfaction of the judgment. On September 2, 2014, the trial court entered an order granting the guardian ad litem’s mo *413 tion and ordering the former husband to pay the remaining $3,725 owed on his portion of the guardian ad litem’s fee, plus interest. On September 9, 2014, the former husband filed a motion to set aside the order, asserting that the guardian ad li-tem’s motion had been denied by operation of law. On September 15, 2014, the trial court entered an order denying the former husband’s motion to set aside the order. The former husband filed his notice of appeal to this court on October 2, 2014.
On appeal, the former husband argues, among other things, that the trial court lacked subject-matter jurisdiction to enter its judgment on the guardian ad litem’s motion because, he says, the guardian ad litem failed to pay a filing fee when she filed her motion.
“ ‘ “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) . (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997)). ‘ “ ‘[Subject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.”” M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)).”
Ingram v. Alabama Peace Officers' Standards & Training Comm’n, 148 So.3d 1089, 1090-91 (Ala.Civ.App.2014).
In Vann v. Cook, 989 So.2d 556, 558-59 (Ala.Civ.App.2008), this court stated:
“Section 12-19-70, Ala.Code 1975, provides that ‘a consolidated civil filing fee, known as a docket fee, [shall be] collected ... at the time a complaint is filed in circuit court or in district court,’ although that payment ‘may be waived initially and taxed as costs at the conclusion of the case’ if ‘[a] verified statement of substantial hardship’ is filed and is approved by the trial court. In turn, § 12-19-71(a)(7), Ala.Code 1975, specifies that a filing fee of $248 is to be collected ‘for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order ’ (emphasis added [in Vann ]). The payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to' the commencement of an action. See De-Gas, Inc. v. Midland Res., 470 So.2d 1218, 1222 (Ala.1985); see also Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (‘The failure to pay the filing or docketing fee is a jurisdictional defect.’).”
In the present case, the guardian ad litem’s motion to show cause requests the trial court to order the former husband to appear and show cause for violating the trial court’s May 29, 2013, judgment. The guardian ad litem requested-that interest be added to the judgment and that the trial court order additional fees based on her appearance at the mediation ordered by this court and in the trial court to recover the remainder of the fees already due. Thus, the guardian ad litem’s motion is in the nature of a petition “seeking to ... enforce an existing domestic relations court order,” § 12-19-71 (a)(7), Ala.Code 1975, rather than merely a motion for the trial court to interpret its judgment, as asserted by the .trial court in its denial of the former husband’s motion to set aside its order. As a result, the payment of a filing fee was required. See Vann, supra.
The financial-history portion of the trial court’s case-action-summary sheet reveals that the guardian ad litem failed to pay a *414 filing fee with the filing of her petition to show cause, and the petition was not assigned a new case number. Because the payment of a filing fee is jurisdictional and the guardian ad litem failed to pay a filing fee when she filed her petition to.show cause, we conclude that the trial court lacked subject-matter jurisdiction to rule on the petition. See Hicks v. Hicks, 130 So.3d 184, 189 (Ala.Civ.App.2012), Because the trial court lacked subject-matter jurisdiction, its September 2, 2014, order is void and will not support an appeal. Id. We therefore dismiss the former husband’s appeal, albeit with instructions.to the trial court to vacate all orders stemming from the guardian ad litem’s petition to show cause. Id.
APPEAL DISMISSED WITH INSTRUCTIONS.
DONALDSON, J., concurs.
THOMPSON, P.J., concurs in the result, with writing, which THOMAS, J., joins.
PITTMAN, J., concurs in the result, without writing.

. Although the guardian ad litem filed her motion in a postdivorce proceeding between the former husband and his former wife, Windy H, Merriam, and, thus, the order being challenged in this appeal was entered in that action, we have altered the style of the appeal to more accurately reflect the guardian ad litem, rather than the former wife, as the appellee. Only the former husband has filed a brief on appeal.