MOORE, Chief Justice
(dissenting).
Coretta Arrington sued Courtyard Citif-lats, LLC, the owner of an apartment complex, and its property-management company, Action Property Management, L.L.C. (hereinafter collectively referred to' as “Ci-tiflats”), alleging multiple tort claims after her six-year-old child drowned in a pool on premises owned and managed by Citiflats. Arrington’s complaint was filed within the applicable two-year statute-of-limitations period. However, she was unable to pay the filing fee required by § 12-19-70(a), Ala.Code 1975;- therefore, she filed with her complaint a statement of substantial hardship, seeking judicial verification of that hardship pursuant to § 12-19-70(b), Ala.Code 1975 (permitting circuit courts to waive filing fees for plaintiffs suffering from substantial hardship). The circuit court verified that Arrington was suffering from substantial hardship and thus .was excused from paying the filing fee required by § 12-19-70(a), although the .circuit court did not do so until after the expirar tion of the statute of limitations.
Today this Court overrides the circuit court’s finding that Arrington suffered from substantial hardship and holds, on procedural grounds, that the circuit court lacked subject-matter jurisdiction, to consider Arrington’s case on its merits/- I believe this holding mistakes the • nature and function of subject-matter jurisdiction and continues a line of erroneous precedent that elevates judicially created procedural technicalities over the substance of the case. • •
Subject-matter jurisdiction is “a -court’s power to decide certain types of cases.” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). See Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (“ ‘By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.’ ” (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). This Court has recently stated:
“Subject-matter jurisdiction is a simple concept:
“ ‘Jurisdiction of the subject matter is the power to hear and determine cases of the, general class to which the proceedings in question belong. The principle of subject matter jurisdiction relates to a court’s inherent authority to deal with the case or matter before it. The term means not simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs.’
“21 C.J.S. Courts § 11 (2006). In determining a trial court’s subject-matter jurisdiction, this Court asks ‘ “only whether the trial court had the constitutional and statutory authority” to hear the case.’ Russell, v. State, 51 So.3d 1026, 1028 (Ala.2010) (quoting Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006)). Problems with subject-matter jurisdiction arise if,- for example, a party files a probate action in a juvenile court, a divorce action in a probate court, or a bankruptcy petition in a circuit court, because the nature or class of those actions is limited to a particular forum with the authority to handle them. There are, however, no problems with *794 subject-matter jurisdiction merely because a party files an action that ostensibly lacks-a probability of merit.”
Ex parte Safeway Ins. Co. of Alabama, 148 So.3d 39, 42-43 (Ala.2013), .A circuit court has jurisdiction over the tort claims alleged by Arrington; therefore, regardless of whether Arrington paid the filing fee in this case, the circuit court did not lack subject-matter jurisdiction. . If Ar-rington's failure to pay the filing fee was a procedural prerequisite to jurisdiction, then the filing deadline mandated by the statute of limitations was subject to equitable tolling on the basis that the clerk or circuit court — not the filer — delayed the verification of hardship until the statutory limitations period had expired. If the doctrine of equitable tolling applies, then the circuit court’s verification of Arrington’s affidavit of substantial hardship relates back to the filing of the complaint, and her cause of action is not barred by the statute of limitations. See Weaver v. Firestone, 155 So.3d 952, 957-68 (Ala.2013) (discussing equitable tolling in the context of statutes of limitations).
Justice Murdock and I agree on the fundamental issue before us concerning subject-matter jurisdiction; we disagree only regarding the application of the doctrine of equitable tolling. He does not believe the facts before us present an extraordinary circumstance warranting the application of the doctrine of équitable tolling, whereas I do.[5] The United States Supreme' Court has stated: “We have allowed equitable tolling in situations where the claimant has actively pm-sued his judicial remedies by filing a defective pleading during the statutory period” and that “[wje generally have been much less forgiving in receiving late’‘filings where the claimant failed to exercise due diligence in preserving his legal rights.” Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Lacking the means to pay the filing fee, Arring-ton actively pursued the only judicial remedies available to her when she filed a hardship statement with her complaint. The record suggests she exercised due diligence in preserving her legal rights. By holding that she somehow was required to obtain court approval of her hardship statement before she ever filed it with the clerk of court, this Court punishes Arring-ton for her poverty and preserves a rule that is not articulated in our statutes or rules. Alabama law is silent as to how, procedurally, an indigent plaintiff with no means to pay a filing fee must obtain court approval of substantial hardship before the statute of limitations. runs on his or her claims. The reasonable and commonsense approach for .obtaining, such approval would be filing with the circuit court the affidavit of substantial hardship along with the complaint before the statutory limitations period runs, as Arrington did.
The erroneous rule that a failure to pay the filing fee deprives the circuit court of subject-matter jurisdiction erhanátes from expansive interpretations by the Court of Civil Appeals of ’this Court’s holding in De-Gas, Inc. v. Midland Resources, 470 *795 So.2d 1218, 1222 (Ala.1985), that “the payment of the fees required by § 12-19-70[, Ala.Code 1975,] or-the filing.of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an. action for statute of limitations purposes ” (emphasis added). Although De-Gas did not hold that the failure to pay a filing fee deprives the circuit court of subject-matter jurisdiction, the Court of Civil Appeals repeatedly held otherwise until at last? this Court, in Johnson v. Hetzel, 100 So.3d 1056, 1057 (Ala.2012), adopted the erroneous holdings of the Court of CM Appeals.[6] Realizing the harmful and unintended consequences flowing from those erroneous holdings, two judges on the Court of Civil Appeals now urge this Court to correct pur mistake in Hetzel. Presiding Judge Thompson has stated:
“I would urge the supreme court to examine its holding in Johnson v. Hetzel, supra, and to consider whether, in this case, the main opinion again improperly expands the holding of De-Gas to hold that, in all cases, a failure to pay a filing fee under § 12-19-70 divests the circuit court of subject-matter jurisdiction over the action. I do not believe that such a holding was the intention of the legislature in enacting the requirement that litigants pay filing fees to offset the costs of litigation at the commencement of their actions.”
Hicks v. Hicks, 130 So.3d 184, 193 (Ala.Civ.App.2012)(Thompson, P.J., dissenting). Recently, Judge Thomas stated: “I now join Presiding Judge Thompson in calling on our supreme court to reexamine De-Gas and [Hetzel ] and to determine that the failure to pay a filing fee at the time of an action is commenced does hot necessarily deprive the trial court of subject-matter jurisdiction.” Burgett v. Porter, 180 So.3d 20, 25 (Ala.Civ.App.2015)(Thomas, J., concurring specially). The majority in this case furthers an erroneous rule that prudent judges bound by our earlier mistake are urging us to overrule. In a previous case, I stated: “[T]his Court and the Court of Civil Appeals have erroneously confused subject-matter jurisdiction and filing-fee requirements in cases applying the holding in De-Gas.” Ex parte Hicks, 130 So.3d 194 (Ala.2013)(Moore, C.J., dissenting). Because my views about De-Gas and its progeny have not changed, I must respectfully dissent.

. I note that thé Court in Weav&r' permitted ' equitable tolling on the basis that the- plaintiff in that case was unable to identify the defendants before the running of the statutory limitations period, a situation no less extraordinary than the one before us involving' an indigent plaintiff with no means to pay the filing fee. The fact that the underlying facts in Weaver were horrific — they involved á conspiracy in whjch certain men set another man on fire in a cabin in the woods — should not distract from the procedural issue regarding the .tolling of the statute of limitations. See Weaver, 155 So.Sd at 954-56. The discovery of eligible' defendants' after the running of the limitations period seems just as common or uncommon as , the- .inability of an indigent plaintiff to pay a filing fee before the running of the. limitations period.

. See, e.g., Odom v. Odom, 89 So.3d 121 (Ala.Civ.App.2011), Vann v. Cook, 989 So.2d 556 (Ala.Civ.App.2008), and Farmer v. Farmer, 842 So.2d 679 (Ala.Civ.App.2002).