THOMAS, Judge.
In November 2013, the Tuscaloosa Probate Court (“the probate court”) entered a *1145 judgment approving the adoption of A.S. (“the child”) by the child’s maternal grandmother, D.T. (“the adoptive parent”). In July 2015, W.G. (“the paternal grandmother”) filed a petition seeking an award of grandparent visitation with the child pursuant to Ala.Code 1975, § 26-10A-30. The paternal grandmother did not request that a summons be issued or serve the adoptive parent with the petition by certified mail as required by Rule 4(a)(1), Ala. R. Civ. P.[1] Instead, the paternal grandmother served the petition on the adoptive parent as one would serve a motion under Rule 5, Ala. R. Civ. P.,[2] by mailing a copy of the petition to the attorney who had served as the adoptive parent’s counsel in the adoption proceeding. After a hearing, which the adoptive parent did not attend, the probate court entered a judgment on November 2, 2015, awarding visitation to the paternal grandmother. On November 20,2015, the adoptive parent filed a motion to set aside the November 2, 2015, judgment, arguing that the probate court lacked jurisdiction to entertain the paternal grandmother’s petition because more than 30 days had elapsed since the entry of the adoption judgment in 2013 [3] and because the adoptive parent had not been properly served with the petition. The probate court denied the adoptive parent’s *1146 motion, and she appealed.[4]
On appeal, the adoptive parent argues that the November 2, 2015, judgment of the probate court is void for two reasons. First, she contends that the probate court lacks jurisdiction to entertain an action for grandparent visitation pursuant to § 26-10A-30 after the expiration of 30 days after the entry of an adoption judgment. Second, the adoptive parent argues that the paternal grandmother’s failure to properly serve her with the petition under Rule 4 violated the her right to due process and, therefore, that the November 2, 2015, judgment is void.
The language of § 26-10A-30 does not support the adoptive parent’s argument that the jurisdiction of the probate court to entertain a petition for grandparent visitation under that statute is limited to the time during which the adoption proceeding is pending or within 30 days after entry of the adoption judgment. Section 26-10A-30 states:
“Post-adoption visitation rights for the natural grandparents of the adoptee may be granted when the adoptee is adopted by a stepparent, a grandfather, a grandmother, a brother, a half-brother, a sister, a half-sister, an aunt or an uncle and their respective spouses, if any. Such visitation rights may be maintained or granted at the discretion of the court at any time prior to or after the final order of adoption is entered upon petition by the natural grandparents, if it is in the best interest of the child.”
(Emphasis added.) The plain language of the statute compels us to conclude that a probate court may entertain an action seeking grandparent visitation under § 26-10A-30 at any time before or after a judgment of adoption is entered.[5] We must therefore reject the adoptive parent’s first argument.
However, we agree with the adoptive parent that the paternal grandmother was required to comply with Rule 4(a)(1) by serving the adoptive parent with the petition seeking grandparent visitation. The paternal grandmother contends that, pursuant to § 26-10A-30, she had her choice of instituting a separate action, which, she admits, would have required service of process, or presenting a “corollary claim” within the original adoption action, which, she contends, requires only Rule 5 service of her initial pleading. Not surprisingly, the paternal grandmother has presented no authority for the startling contention that she could seek an order awarding grandparent visitation without having to perfect service on the adoptive parent because her claim is “corollary” to the origi *1147 nal adoption action. Our attempt to locate a reference in Alabama law to a “corollary claim” has failed to reveal the use of that term in any reported opinion.
If the paternal grandmother is under the impression that she could institute a new action seeking grandparent visitation by motion and serve the adoptive parent pursuant to Rule 5, she is mistaken. The document the paternal grandmother filed in the probate court cannot be construed as a mere motion. “As one court concisely has stated, ‘the office of a motion is not to initiate new litigation, but to bring before the court for some ruling some material but incidental matter arising in the progress of the case in which the motion is filed.’” Aqleh v. Cadlerock Joint Venture II, L.P., 299 Conn. 84, 96, 10 A.3d 498, 505 (2010) (quoting State v. McNerny, 239 Neb. 887, 890, 479 N.W.2d 454, 457 (1992)).
“A motion is distinguishable from the more formal application for relief by petition or complaint. A motion is not an independent right or remedy; it is confined to incidental matters in the progress of a cause. A motion relates to some question that is collateral to the main object of the action and is connected with and dependent upon the principal remedy. It is not consonant with regular procedure to raise in a motion wholly distinct and independent matters which generally should be the subject of a formal petition or complaint.”
Donald J. v. Evna M., 81 Cal.App.3d 929, 933-34, 147 Cal.Rptr. 15, 18 (1978) (citations omitted). No action was pending before the probate court at the time the paternal grandmother filed the document requesting visitation, and the document requested specific relief based on her right to visitation under § 26-10A-30 as opposed to some collateral or incidental relief arising during the pendency of litigation. Thus, the document that the paternal grandmother filed was not a motion.
In Alabama, “[a] civil action is commenced by filing a complaint with the court.” Rule 3(a), Ala. R. Civ. P. A “complaint” is defined as “[t]he initial pleading that starts a civil action.... In some states, this pleading is called a petition,” Black’s Law Dictionary 344 (10th ed.2014).
“In general, a ‘petition’ is a formal document filed in court and served on all parties, which commences the process by which a party may obtain judicial relief, and provides the opposing party with notice of the requested relief. As a pleading, it is the plaintiffs or claimant’s ■written statement of fact which invokes the jurisdiction of the court, sets out the cause of action, and seeks relief. A party may initiate, bring, or create a suit, where before no suit existed, by filing an original petition to invoke judicial process, or, after someone else creates a lawsuit by filing an original petition, may seek to intervene for good cause.”
61A Am.Jur.2d Pleading § 110 (2010) (footnotes omitted). The document the paternal grandmother filed invoked the jurisdiction of the probate court to adjudicate her claim for grandparent visitation pursuant to § 26-10A-30, and, therefore, it was a petition.
The paternal grandmother’s filing of the petition commenced an action for grandparent visitation.[6] According to Rule *1148 4(a)(1), “[u]pon the filing of the complaint, ... the clerk shall forthwith issue the required summons or other process for service upon each defendant.” We explained in Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002), that Rule 4(a)(1) requires that, “after a proper filing, service be made by use of a summons or other process issued by the clerk of the court.”
Furthermore, it is well settled that an action instituted to modify an existing judgment based on changed circumstances is “a separate action that requires a proper filing, the payment of a filing fee, and service.” Estrada v. Redford, 855 So.2d 551, 554 (Ala.Civ.App.2003) (citing Ex parte Davidson, 782 So.2d 237, 240 (Ala.2000), and Farmer, 842 So.2d at 680-81). The paternal grandmother’s petition requests modification of the adoption judgment, which did not include an award of visitation, to award her visitation with the child. Therefore, the paternal grandmother’s petition commenced a new modification action, and she was required to properly serve the adoptive parent pursuant to Rule 4(a)(1). Farmer, 842 So.2d at 681.
“‘One of the requisites of personal jurisdiction over a defendant is “perfected service of process giving notice to the defendant of the suit being brought.” Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala.1983).... A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).’ ”
Austin v. Austin, 159 So.3d 753, 759 (Ala.Civ.App.2013) (quoting Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala.1993)). The paternal grandmother’s failure to serve the adoptive parent with the petition pursuant to Rule 4(a)(1) deprived the probate court of jurisdiction, and its judgment is therefore void. Ex parte Pate, 673 So.2d 427, 428-29 (Ala.1995) (“Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void.”). Because the probate court’s judgment is void, it will not support an appeal. Farmer, 842 So.2d at 681. Accordingly, the adoptive parent’s appeal is dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and MOORE and PITTMAN, JJ., concur.
DONALDSON, J., concurs in the result, without writing.

. Rule 4(a)(1) provides, in pertinent part: “Upon the filing of the complaint, or other document required to be served in the manner of an original complaint, the clerk shall forthwith issue the required summons or other process for service upon each defendant.” The Alabama Rules of Civil Procedure provide that service on an individual may be accomplished by process server, see Rule 4(i)(l), by certified mail, see Rule 4(i)(2), or, in certain instances, by publication, see Rule 4.3, Ala. R. Civ. P,

. Rule 5 reads, in pertinent part, as follows:
"(a) Service: When Required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties....
[[Image here]]
“(b) Same: How Made. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or the party or by mailing it to the attorney or the party at the attorney’s or party’s last known address, or, if no address is known, by leaving it with the clerk of the court....
[[Image here]]
"(d) Filing; Certificate of Service. All papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court either before service or within a reasonable time thereafter....
“A certificate of service shall list the names and addresses, including the e-mail addresses of registered electronic-filing-system users, if known, of all attorneys or pro se parties upon whom the paper has been served.”

. We note that, because an appeal of an adoption judgment must be taken within 14 days of the entry of that judgment, the probate court would have had jurisdiction to alter, amend, or vacate that judgment on its own motion for only 14 days and that the parties involved in the adoption proceeding would have had only 14 days to file postjudgment motions directed to that judgment. See Ex parte A.M.P., 997 So.2d 1008, 1013 n. 3 and accompanying text (Ala.2008) (explaining that the adoption judgment was entered on November 8, 2005, that the postjudgment motion was "timely filed” on November 22, 2005, that the postjudgment motion was denied by operation of law, and that the appeal, which was filed on December 16, 2005, had been timely filed).

. Based on this court's holding in J.B.M. v. J.C.M., 142 So.3d 676, 681 (Ala.Civ.App.2013), because the judgment in the present case is not an adoption judgment, the appeal from that judgment was not required to be taken within 14 days of the entry of the judgment, and, in fact, the usual time periods applicable to probate-court judgments under the Rules of Civil Procedure apply.

. We note that the predecessor statute to § 26-10A-30, former Ala.Code 1975, § 26-10—5(b), also provided that grandparent visitation could be established after the entry of an adoption judgment:
"Although at one time in this state adoption automatically cut off the grandparents' visitation rights, such has not been the case since 1984 when the legislature enacted what is now codified as Ala.Code (1975), § 26-10-5(b) (1986 Repl.Vol). Under this statute, following a final order of adoption, ‘at the discretion of the court, visitation rights for the natural grandparents of the minor grandchildren may be maintained, or allowed upon petition of modification at any time after the final order of adoption is entered.’ ”
Snipes v. Carr, 526 So.2d 591, 593 (Ala.Civ.App.1988).

. We recognize that the filing of a complaint is not always sufficient to amount to the commencement of an action. See, e.g., Weaver v. Firestone, 155 So.3d 952, 963 (Ala.2013) (explaining that "the mere filing of a complaint is not a sufficient act in and of itself to commence an action for purposes of satisfying the statute of limitations”). However, because we are not here confronted with an issue regarding the commencement of an action *1148 within the applicable limitations period, we are using the term “commencement” to indicate that the paternal grandmother's action of filing the petition instituted a new action seeking independent relief as opposed to merely requesting a ruling on a collateral or incidental matter in pending litigation. See discussion of the term “motion,” supra.