PITTMAN, Judge.
*236 Carrie Suzanne Bragg ("the mother") asks this court to issue a writ of mandamus directing the Chilton Circuit Court ("the trial court") to vacate judgments awarding custody of the mother's children ("the children") to their father, Walter Alexander Roche, Jr. ("the father"), and relieving the father of his child-support obligation. We grant the mother's petition and issue the writ.
In August 2013, the mother filed a petition requesting the trial court to domesticate a Tennessee judgment divorcing the mother and the father. She also requested the trial court to modify provisions of that judgment relating to the father's visitation with the children. The mother's action was assigned case number DR-13-900186. In response to the mother's petition, the trial court entered a judgment domesticating the divorce judgment and modifying that judgment so as to establish a new location where the parties were to exchange the children before and after the father's visitation periods.
In May 2014, the mother filed a petition requesting the trial court to increase the father's child-support obligation. That action was assigned case number DR-13-900186.01, but eventually was dismissed.
In July 2014, the father filed a petition requesting the trial court to hold the mother in contempt of court, to award the father joint legal custody of the children, to modify the father's visitation rights, and to decrease the father's child-support obligation. The father's action was assigned case number DR-13-900186.02 ("the father's modification action"). Shortly thereafter, the trial court entered an order in the father's modification action appointing a guardian ad litem to represent the interests of the children.
In May 2016, the trial court, in the father's modification action, entered a judgment entitled "order on show cause and modification," which stated:
"This cause coming on before this Court upon the Petition for Contempt, Show Cause and Modification as filed by the parties. The [f]ather appearing this date with [his attorney], [the m]other appearing with [her attorney] and [the guardian ad litem] appearing. Parties presenting their issue, it is ORDERED as follows:
"1. That the father shall have the following visitation with his minor children as follows: Each Thursday evening and returning the children, during school session, to school on Friday morning.
"2. Each alternating weekend, from Friday until Monday morning, returning the children, during school session, to school.
"3. Each alternating week during the summer break from school, having the children always with their mother for the entire week prior to the start of school for the regular school year.
"4. The father shall pay the mother child support, monthly, commencing June 1, 2016[,] at the rate of $916.40, the same being in compliance with Rule 32, [Ala. R. Jud. Admin.].
"5. All other request[s] for relief, either from [the] father or [the] mother, are hereby denied."
Both the mother and the father filed postjudgment motions requesting the trial court to amend or clarify its judgment. Those motions were not ruled upon within 90 days of their filing and were, the mother asserts, denied by operation of law. See Rule 59.1, Ala. R. Civ. P.
Thereafter, in January 2017, the father filed a motion in the father's modification action requesting the trial court to hold a *237 hearing in order to "make a proper determination as to why [one of the children] is not attending school." The father did not request any specific relief in his motion. In February 2017, the guardian ad litem filed a motion in the father's modification action requesting "emergency transfer of custody pending hearing." Among other things, the guardian ad litem alleged in her filing that one of the children had missed excessive amounts of school, that the mother had exaggerated that child's physical and mental-health problems, that the mother had failed to take that child to counseling sessions, and that the guardian ad litem had become "increasingly concerned about the [mother's] decision making." In her prayer for relief, the guardian ad litem requested the trial court to enter an order transferring custody of the children to the father "pending the child's further evaluation, the [m]other's psychosocial evaluation, and further hearings by [the trial court]."
The same day the guardian ad litem filed her motion, the trial court entered a judgment, which has been described as "ex parte," awarding the father "primary physical custody" of the children, giving the father final decision-making authority regarding the children, directing the mother to undergo a psychological evaluation, awarding the mother supervised visitation, and setting the matter for further hearing in 15 days. The next day, the mother filed a motion requesting the trial court to order the father to undergo a psychological evaluation, which the trial court granted. Approximately one week later, the trial court entered an additional order granting the father's motion to "temporarily suspend [his] child support until a final hearing."
The day before the scheduled hearing, the mother filed a response to the guardian ad litem's motion, arguing that the trial court lacked subject-matter jurisdiction because, the mother asserted, all matters in the father's modification action had been resolved upon the denial of the parties' postjudgment motions, no new filing fees had been paid, and no new custody-modification action had been commenced.
On March 10, 2017, the trial court entered a judgment stating that it had held a hearing, at which the mother and the father had appeared. The trial court stated further that it had received testimony from the mother, the father, and the children's counselor, that the trial court was "continu[ing] the effect of the Ex Parte Order [granting the father temporary custody]," and that "the children [were] to remain in the custody of their father." Thereafter, the mother filed a mandamus petition requesting this court to direct the trial court to vacate its order terminating the father's child-support obligation, to vacate the judgment temporarily awarding the father custody of the children, and to vacate the judgment "continu[ing] the effect" of that judgment.[1]
We agree with the mother's assertion that the parties' postjudgment motions, directed at the trial court's May 2016 judgment in the father's modification action, were denied by operation of law under Rule 59.1, Ala. R. Civ. P., and that, at that time, all pending issues in the father's modification action were resolved. Although the parties' subsequent filings *238 might suggest that they believed the May 2016 judgment to be nonfinal, that judgment clearly states that all requests for relief not granted therein were denied. Accordingly, the guardian ad litem's motion was, in essence, a new petition for modification of custody. See Ex parte DiGeronimo, 195 So.3d 963, 967 n.3 (Ala. Civ. App. 2015).[2] The same is true for the father's request for a hearing regarding the alleged truancy of one of the children, to the extent that motion can be construed as a request for an award of custody.
In Farmer v. Farmer, 842 So.2d 679, 680 (Ala. Civ. App. 2002), this court acknowledged that "a petition to modify [custody] is a separate action that requires a proper filing, the payment of a filing fee, and service." The court also stated that "[t]he failure to pay the filing or docketing fee is a jurisdictional defect." Id. at 681. Relying on Farmer, the court in Vann v. Cook, 989 So.2d 556 (Ala. Civ. App. 2008), held that a petitioner's failure to pay a filing fee in connection with the filing of a petition to modify custody deprived the trial court of jurisdiction. Similarly, in Odom v. Odom, 89 So.3d 121 (Ala. Civ. App. 2011), the court held that a trial court lacked jurisdiction to modify the child-support provisions of a divorce judgment, because the petitioner had not paid the applicable filing fee and had not submitted a verified statement of substantial hardship seeking waiver of that fee. The soundness of the jurisdiction-related holdings in Farmer, Vann, and Odom has been questioned. See, e.g., Merriam v. Davidson, 184 So.3d 411, 414 (Ala. Civ. App. 2015) (Thompson, P.J., concurring in the result). As Presiding Judge Thompson acknowledged in Merriam, however, our supreme court has "effectively endorsed" the substance of those holdings. Id.
It is uncontested that a new case was not opened when the father filed his request for a hearing or when the guardian ad litem filed her petition for a modification of custody. It is also uncontested that no new filing fees for the commencement of a custody action or a child-support-modification action were paid. Thus, we must hold that the trial court lacked jurisdiction over any such action. Accordingly, the judgments challenged by the mother are void, and we issue the writ of mandamus directing the trial court to vacate those judgments.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

In "continu[ing] the effect" of the judgment awarding the father temporary custody of the children, it is not clear whether the trial court intended to enter another interlocutory judgment or, rather, a final judgment modifying custody permanently. In any event, precedent indicates that a mandamus petition may be utilized to challenge an allegedly void judgment. See, e.g., Ex parte Chamblee, 899 So.2d 244, 249 (Ala. 2004) ; and Ex parte DiGeronimo, 195 So.3d 963, 967 (Ala. Civ. App. 2015).

The parties do not address, and we do not consider, whether a guardian ad litem has standing to request a modification of custody in the circumstances presented by this case.